# Herman Hebel v. The Amazon Insurance Company of Cincinnati.

*Garnishee proceedings: Service of process: Compulsory novation.* It is essential in order to bind the creditor whose claim is sought to be appropriated by means of garnishee proceedings, that there be service of process or its equivalent, and he will not be bound by an independent and spontaneous submission of his rights by his debtor. The intervention of the law according to its own substantial appointments can alone initiate compulsory novation.

*Vicarious service of process: Special relation to party.* And where the service must be vicarious and it can lawfully be made only on some one standing in a special relation to the party sought to be served, the existence of such special relation is just as indispensable as, in ordinary cases, is the identity of the person served, with the defendant.

*Garnishee proceedings: Service of process: Waiver: Principal defendant.* The bringing the right into the custody of the law by the application of process against some one competent to receive service, cannot be waived by the intended garnishee as against the principal defendant, and so as to bind him.

*Acceptance of service: Agency: Proof of service.* An endorsement of acceptance of service on behalf of a foreign corporation by parties who therein describe themselves as agents of the corporation, has no legal force by itself as evidence of the fact of such agency, or as proof of such service as the law contemplates.

*Garnishee process: Justice's courts: Service: Acceptance: County.* Service of garnishee process from justice's courts cannot under the statute (*Comp. L. 1871,* § *6463*) be made beyond the county; and an acceptance of service which shows that it was made outside the county thereby shows that it was made where the process had no legal force.

*Jurisdiction over persons: Exceptional methods: Vicarious service.* All excep-

tional methods of obtaining jurisdiction over persons, natural or artificial, not found within the state, must be confined to the cases and exercised in the way precisely indicated by the statute.

*Submitted on briefs January 20.    Decided April 5.*

Error to Superior Court of Detroit.

*Kane & Hibbard,* for plaintiff in error.

*Moore & Griffin,* for defendant in error.

GRAVES, J :

The plaintiff claimed as assignee of one Adolph Hebel to recover ten hundred and thirteen dollars for a fire loss in 1872 suffered by the assignor, and which was covered by a policy issued to the latter by the defendant, a corporation of Ohio doing business here.    The company defended on the ground that previous to the assignment to the plaintiff, and after the loss, certain creditors of the assignor commenced two garnishee suits against the company, one before a justice of the peace of Detroit and the other in the Wayne circuit court, based on the demand existing under the policy on account of said loss; that final judgment had passed against the company in both cases, and that the aggregate amount was equal to the whole sum claimed in this suit. And the company insisted that such proceedings afforded a complete answer to the plaintiff's action; that they amounted to a lawful adjudication that the liability on the policy was exclusively due to the garnishee plaintiffs, and not to the assured, and of course not to the plaintiff, who stands in his shoes.    When the case came to be submitted to the jury the judge directed a verdict for the company.    The only question there is depends on the validity of the defense as the record shows it.    Several points commented on by counsel require no discussion.    Concerning the theory of the defense there is no difficulty.    The question is, whether, as we see the record, there were facts to support the theory. It will be noticed at the outset that the action is by the

33 MICH.—51.

assignee to enforce against the company the very obligation it directly incurred by contract with the assured, and that in substance the defense made by the company is, that prior to this suit, and previous to the assignment by the assured, the right to this same obligation was ousted from the ownership of the assured and vested in third persons by proceedings on the part of those persons against the company under the garnishee law. It is material to distinguish between the attitude of these parties and this controversy, and the state of things when the garnishor and garnishee are contending about the consequences and results of garnishee proceedings which have taken place between them. Many things may take place in the course of such proceedings which the garnishee, on the one hand, or the garnishor, on the other, may be bound or estopped by, as between themselves, but which the garnishee may not be able to urge as matter of defense against the suit of the principal defendant. Still there is no question of the right of one prosecuted as garnishee to make many admissions and waivers without endangering his protection. He need not wait to be led by the shoulder into court. He need not wage battle at every step. The law itself not only recognizes his right to suffer default, but provides what the practice shall be in such case, and invests the judgment with the same protective force as it does one awarded after vigorous contest. Still the proceeding must have a beginning agreeable to its nature, in order to hold the principal defendant, and the nature of the proceeding requires that the law shall be brought to bear directly against the right of the principal defendant in the hands or under the control of the garnishee, and the mode, and the only one, provided for this is by service of the process on, or submission to service by, some one competent in law to receive service. The law itself must be caused to attach, and it can be effected in no other way. Independent and spontaneous submission by the custodian or debtor of the right belonging to the principal defendant cannot bind him. The intervention of the law,

according to its own substantial appointments, can alone initiate compulsory novation. A garnishee may admit away his own right over which he has power, but he cannot admit away another's right over which he has no power. It is a plain proposition that one against whom there is an existing claim cannot by his own act alone transfer it into an obligation to another. The right itself and the power to enforce it must remain in the original owner unless there is a novation by his consent or by force of legal proceedings, and where the end is sought through the garnishee law and depends on no assent or acquiescence of the principal defendant, the right must be taken into legal custody and subjected by course of law, and as against the principal defendant this cannot be accomplished by the *ex parte* action of the debtor or custodian of the right, even on the request of the garnishor, though made in the form of complaint filed and process sent out. There must be action under process which brings home to the garnishee, and the right to be subjected, the power of the law itself. In ordinary cases there is no difficulty, because the identical party being exposed to service is actually served. The case is different where the service must be vicarious, where it can be made only on some one standing in a special relation to the intended garnishee. In such case the existence of such special relation is just as indispensable in order to cause the law to attach and bind the principal defendant as is the identity of the garnishee with the person actually served in ordinary cases. If the relation appointed by law as a condition of valid service, as something to make the supposed service binding, does not exist, the law does not attach to the right, and the principal defendant is not bound, and if the intended garnishee assumes thereafter to step in and treat it as service upon or against him and against the right in question, whatever may be the consequence as between him and the party prosecuting as garnishor, such action cannot bind the right as against the principal defendant. The right has never been attached, and the action of the

custodian or debtor of the right is in its nature merely voluntary.    The bringing the right into the custody of the law by the application of process against some one competent to receive service cannot be waived by the intended garnishee as against the principal defendant.    The step is one which lies at the foundation of the proceeding and is the basis of the protection of the intended garnishee against the urging of a claim by the principal defendant.    The nature of the thing repels a fictitious service.    The process must be served upon the very party, or it must apply against some one standing in point of law for the purpose of service in the place of the very party.    Were it not so, were it not necessary to appear that the service has been on the identical party, or in case of vicarious service been caused to apply against some one competent in law to receive service on account of the identical party, this fundamental step would become as easy and unreal as was formerly the vouching to warranty in a common recovery.    There the vouchee was usually the court crier.    As already intimated, the ability of a party to bind himself by acquiescence or voluntary appearance is unquestioned.    But the right of the principal defendant can only be bound against his consent when a real service is effected in some form by which his right is attached.    In view of the foregoing considerations, were the garnishee proceedings, as they are represented in the record, sufficient to bind the right of Adolph Hebel, the principal defendant, and preclude him or his assignee from recovering on the policy?

The material inquiry is, whether the steps which were taken in regard to service of garnishee process were adequate to bind Hebel, and enable the company to contend as against him that his right was subjected to the power of the garnishee law.

The steps in question appear affirmatively in the record.

The insurance company, as previously stated, is an Ohio corporation.    It has never been in this state.    The garnishee process in the circuit court was issued on the 18th of De-

cember, 1872, and it required the company to appear and disclose on the 7th of January following; and one John F. Murray, purporting to act as agent, made disclosure more than a month afterwards, namely, on the 18th of February. No return by an officer was made on the process, but the following endorsement was made on it of the same date as the writ:

"We do hereby accept service of the within writ of garnishment, as agents of the Amazon Insurance Company of Cincinnati. Schmemann and Kuhn." There was no other evidence of service in the case.

The garnishee law applicable to circuit courts (*L. 1861, p. 559*) provides that "any corporation, domestic or foreign, other than municipal, may be garnished."—§ *30*. And particular provisions are introduced to regulate the mode of service in case of domestic corporations and natural persons, but the law is silent on the subject so far as foreign corporations are concerned. It is therefore necessary to look elsewhere for provisions applicable to them. As the case was commenced before the act of 1873 (*L. 1873, p. 206*), that law could not have applied. The only provision applicable to the circuit courts, and then existing, would seem to have been *section one of ch. 45, C. L.* And it is this provision that counsel rely upon. It is there provided that each foreign insurance company shall file a resolution with the secretary of state; that such resolution shall be under the company seal, and be signed by the president, secretary or other chief officer; that it shall convey authority to each agent the company appointed by resolution under the company seal, to acknowledge service of process for and on behalf of the company; that it shall contain consent that the service of process on any agent shall be taken and held to be as valid as if served on the company according to the laws of Michigan, or of any other state; and that it shall waive all claim of error by reason of such service. Having thus required the filing of a resolution by the company, and having prescribed its contents, the law proceeds to declare, that suits may be commenced against any such

company in any county in this state by declaration or process as in other cases, and that such declaration or process may run into and be served on any such agent or attorney in any county in this state where such agent or attorney may be.

Now it is quite plain that if the statement of Schmemann and Kuhn indorsed on the writ had legal force for any purpose, it had none whatever as evidence to the circuit court of the service of process under the law in question, so as to bind Hebel's rights, as between him and the company. The court could not take judicial notice, if such was the case, that a resolution was on file in the secretary of state's office, or that Schmemann and Kuhn were agents appointed under seal, or were agents at all, and their statement that they were agents, could neither make nor prove them such.

Their unsworn statement was of no more legal value to establish service than the like statement by any body else would have been.

There was positively no evidence before the court that Hebel's right had been attached, and no basis for proceedings taken upon the theory that it had been, and even now it does not appear in any way that Schmemann and Kuhn were competent to receive binding service.

It would be strange if a man's legal right were subject to be cut off or barred by such practice. The circuit court before going on should have had evidence before it to prove that its process had taken effect against the company, and had brought Hebel's right under the power of the garnishee law.

This was not done, and the record shows that the court went on without any authority as against Hebel.

In the second case the justice at Detroit issued his process on the seventh of March, directed to any constable of Wayne county, and commanding that the company be summoned to appear before the justice at his office in Detroit, and make disclosure on the 19th of the same month. There was no official return of service at all, and nothing on the

subject except an indorsement on the writ as follows: "I hereby accept service of the within process, at Grand Rapids, March 8th, 1873. E. G. Holden, state attorney, Amazon Insurance Co."

There was no disclosure at all before the justice. The paper submitted to the justice as disclosure was made and sworn to at Grand Rapids. The garnishment act applicable to justice's courts makes foreign corporations, other than municipal, subject to be garnished, and directs upon whom service may be made (§ *6463, C. L.*), but there is nothing in the act which directly or by implication authorizes service beyond the bounds of the county, and the insurance company act, previously noticed, cannot be construed as intended to authorize a justice to send his process into any county in the state.—*Hartford Fire Insurance Co. v. Owen, 30 Mich., 441.* If Mr. Holden's statement on the process showed any thing in the nature of a service regular in form, it showed at the same time that it occurred where the process was without legal force.

After the discussion which has been had, it would be a waste of time to explain all the defects in this proceeding.

That there was no evidence before the justice of any service of his process binding on Hebel or his right, and no foundation for an adjudication against him, is plain. It was observed in *Hartford Fire Ins. Co. v. Owen, supra,* that "it is a settled rule of law that all exceptional methods of obtaining jurisdiction over persons, natural or artificial, not found within the state, must be confined to the cases and exercised in the way precisely indicated by statute;" and the remark is strictly in point in regard to both the proceedings on which the defense in this case is based.

I am of opinion that neither of the garnishee cases afforded any defense, and that the court below erred in holding otherwise.

Judgment reversed, with costs, and a new trial ordered.

The other Justices concurred.