WILLIAM W. JOHNSON ET AL. V. FRANKLIN DEXTER.

*Garnishment—Discontinuance.*

Garnishment proceedings are ended by plaintiff's failure to appear on the return of a summons to the garnishee to show cause why judgment should not be entered against him; and the subsequent appearance of both plaintiff and garnishee cannot affect rights acquired by a third person as assignee of the debtor's demand against the garnishee, even though the assignment was made on the same day the writ of garnishment issued.

Error to Ionia.    Submitted April 12.    Decided April 16.

ASSUMPSIT.    Defendants bring error.

*Mitchel & Pratt* for plaintiff in error.    Waiver by a garnishee of declaration, second process and proofs precludes him from disputing the judgment.  *Bigalow v. Barre,* 30 Mich., 1; if he waives summons to show cause, he and the principal defendant are bound by the judgment.    *Hebel v. Amazon Ins. Co.,* 33 Mich., 400.

*Wells & Morse* for defendant in error.    The plaintiff's

failure to appear on the return of an order to show cause why judgment should not be rendered against garnishees, discontinues proceedings. *Wilcox v. Clement*, 4 Den., 162; *Shufelt v. Cramer*, 20 Johns., 309; *Barber v. Parker*, 11 Wend., 52; *M'Carty v. M'Pherson*, 11 Johns., 406; *Stadler v. Moors*, 9 Mich., 264; *Redman v. White*, 25 Mich., 526; *Brady v. Taber*, 29 Mich., 199; garnishees cannot bind the assignee of the claim against them by waiving the plaintiff's default and submitting to judgment, as the assignee is not a party to the record. *Dobbins v. Hyde*, 37 Mo., 118; *Dickey v. Fox*, 24 Mo., 217; *Funkhouser v. How*, id., 49; *Andrews v. Herring*, 5 Mass., 212; *Gates v. Kerby*, 13 Mo., 175.

COOLEY, J. The question in this case is whether a garnishee proceeding has been discontinued by a failure of the plaintiffs to appear on the return of a summons to show cause.

The principal suit was by Tower & Mills against Zachariah York, and William W. and Harvey E. Johnson were garnished as debtors of York. The garnishee summons was issued August 22, 1876, returnable August 28, 1876. The garnishees appeared and made disclosure, and thereupon, in pursuance of the statute, the proceedings were continued without day. September 11, 1876, the justice issued a summons, returnable September 18, 1876, requiring the garnishees to appear and show cause why judgment should not be entered against them on the disclosure. On the return day of this summons neither party appeared. The statute provides that on such failure of the plaintiff to appear, judgment of nonsuit shall be entered against him. Comp. L., § 5373. Afterwards, however, the plaintiffs came in and took out a new summons to show cause, and in response to that the garnishees appeared and judgment was taken against them without objection.

It appears that on the day the garnishee process was taken out, York made an assignment of the demand to

Franklin Dexter. It is not claimed that this assignment was obtained before the process was served, nor, on the other hand, is it claimed that Dexter had any notice of the proceedings which finally resulted in a judgment against the garnishees. The present suit is by Dexter on the York demand, and the question is whether the judgment already obtained by Tower & Mills against the Johnsons is a bar. The circuit court held that it was not.

We think the judgment correct. When the plaintiffs failed to appear on the return of the summons to show cause, the proceedings came to an end, and from that time Dexter held his demand unaffected by them. It cannot be pretended that had Dexter immediately brought suit against the Johnsons, they could have interposed any defense based on those proceedings. The suit had gone down as much as it would have done had the summons been an original one for the commencement of suit. The statute makes no provision for keeping the case alive under such circumstances. How then can Dexter be affected by any proceedings afterwards taken to which he was not a party, and of which he had no knowledge?

Perhaps as between themselves and Tower & Mills, the garnishees may have bound themselves by their voluntary appearance; but this would have been on the ground of waiver, and they had no power to waive a compliance with the law for Dexter. His rights are not changed by any thing that took place after the statutory non-suit. It follows that the judgment must be affirmed with costs.

The other Justices concurred.