McCormick Harvesting Machine Company, Appellant, vs.
Reed, Respondent.

*April 17 — May 2, 1893.*

*Garnishment:* Certiorari: *Appeal.*

An appeal cannot be taken by the main defendent in a garnishee action
after the garnishee defendant has sued out and served a common-
law writ of *certiorari* in the same action.

APPEAL from the Circuit Court for *Rock* County.

This was a garnishee proceeding in justice's court against
S. L. James in aid of an execution upon a judgment in
favor of the *McCormick Harvesting Machine Company*
against *Maurice Reed*. Judgment was rendered in the
garnishee proceedings against the garnishee, January 5,
1892, for $178.46 and costs. On the 23d day of January,
1892, the garnishee defendant, James, sued out a writ of
*certiorari* from the circuit court, in the usual form, alleging
loss of jurisdiction by the justice. The writ was served
upon the justice on the same day, and thereafter on said
day the defendant *Reed* filed a notice of appeal with the
justice. The plaintiff moved to dismiss the appeal in the
circuit court on the ground that no appeal could be taken
after the writ of *certiorari* had been served. The motion
was overruled, and from the order overruling the motion
plaintiff appeals.

The *certiorari* action was heard in the circuit court, and
judgment rendered affirming the justice's judgment, but
upon appeal to this court, at the present term, that judg-
ment was reversed on the ground that the justice had lost
jurisdiction, and the cause was remanded to the circuit
court with directions to reverse the judgment of the jus-
tice. *McCormick H. M. Co. v. James*, 84 Wis. 600.

McCormick Harvesting Machine Co. vs. Graves.

For the appellant there was a brief by *Doe & Sutherland,* and oral argument by *J. B. Doe.*

*F. C. Burpee,* for the respondent.

WINSLOW, J. The exact question presented is whether an appeal can be taken by the main defendant in a garnishee action after the garnishee defendant has sued out and served a common-law writ of *certiorari* in the same action. We think this question must be answered in the negative.

The issuance and service of the writ at once removed the entire record of the garnishee action from the justice's court to the circuit court. *Neuman v. State,* 76 Wis. 112. There was nothing left for the appeal to act upon. How could the justice make a return upon the appeal of the " testimony, proceedings, and judgment," when the entire record of the cause had already, by the operation of the writ of *certiorari,* been removed from his tribunal? Again, the difficulties attending the splitting up of the action into two separate actions, one of which may be pending in one court and one in another, and in which contradictory judgments may be rendered, seem insurmountable. Legislation might, perhaps, remedy the difficulty, but until it does we think such an appeal must be held inoperative.

*By the Court.*— Order reversed, and cause remanded with directions to dismiss the appeal.