JAMES HERITAGE v. ALBERT E. ARMSTRONG.

*Garnishment—Justices' courts—Jurisdiction—Summons to show cause.*

A judgment against a garnishee in justice's court, founded upon proceedings instituted before judgment in the main suit, cannot be sustained upon a summons to show cause issued some 74 days after the termination of the suit against the principal defendant, no continuance having been had under How. Stat. § 8053, even though the garnishee appeared, and pleaded to the merits.

Error to Wayne.    (Hosmer, J.)    Argued April 25, 1894. Decided June 16, 1894.

Garnishment proceedings.    Plaintiff brings error.    Judgment affirmed.

Plaintiff recovered judgment against the defendant as garnishee, and the proceedings were removed to the circuit by *certiorari*.    The return of the justice to the writ showed that the principal suit and the garnishment proceedings were commenced on the same day; that the disclosure of the garnishee was made, and judgment rendered against the principal defendant, on the return-day of the summons and of the writ issued against them respectively; that the garnishee disclosed that he was indebted to the principal defendant, in a sum greater than the plaintiff's demand, after the completion of a certain

building contract; that no continuance was had under How. Stat. § 8053, which provides that if it shall appear, upon any examination or trial had under the provisions of the garnishee statute, that any sum or sums of money is or are owing and payable from the garnishee to the defend-ant at some future time or times, it shall be the duty of the court to note the time or times when such money is to become due and payable, and thereupon continue the cause until after the time or times so noted; that, 74 days after the rendition of such judgment, a summons to show cause why a judgment should not be rendered against the garnishee was issued and served upon him; that on the return-day the parties appeared, the plaintiff declared in *trover* for money had and received, the garnishee pleaded the general issue, and a trial was had, and judgment rendered against the garnishee.

*John Galloway,* for appellant.

*George W. Coomer,* for defendant.

McGRATH, C. J. The only question involved here is whether a judgment against a garnishee can be sustained upon a summons to show cause, issued some 74 days after the determination of the suit against the principal defendant; no continuance having been had, under How. Stat. § 8053, and the garnishee having appeared, and pleaded to the merits.

These proceedings are special and ancillary. Jurisdiction to render judgment against the garnishee depends upon an observance of the statutory prerequisites. Although appearing in response to said summons, he had the right to insist that no judgment could be rendered against him, except upon a summons issued within 30 days after the rendition of judgment in the principal suit. He did not waive that right by an appearance. The appearance

could have no effect in the absence of that upon which a judgment must in such case be predicated.   *Ettelsohn v. Insurance Co.,* 64 Mich. 331.

Judgment affirmed.

The other Justices concurred.