Wickham vs. South Shore Lumber Co.

---

WICKHAM, Respondent, vs. SOUTH SHORE LUMBER COMPANY, Garnishee, Appellant.

*October 27 — December 11, 1894.*

(1) *Corporations: Service of summons: "Managing agent."* (2) *Garnishment: Voluntary appearance after judgment.* (3) *Abuse of process.*

1. Where, in violation of sec. 1750, R. S., the principal office and books of a domestic corporation are kept outside of the state, and its principal managing officer, though claiming to be a resident of this state, actually resides in another, and none of its general offi-

Wickham vs. South Shore Lumber Co.

cers reside within this state, one who, in the absence of such managing officer, has general supervision of the affairs of the corporation in the state, and who is its only agent here who seems to have general powers, will be *held* to be its "managing agent," upon whom process may be served, within the meaning of subd. 10, sec. 2637, R. S.

2. A motion by a garnishee to set aside a judgment against him on the ground that he was not indebted to defendant was a general appearance, and gave the court jurisdiction over the garnishee although the service of the summons upon him was insufficient.

3. It is too late, after judgment, to move for the dismissal of the action for abuse of process.

APPEAL from an order of the circuit court for Bayfield county: J. K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff commenced an action in the circuit court against S. G. Cook and C. G. Maxcy. An attachment was issued, and an attempt to garnish the *South Shore Lumber Company* was made. A garnishee summons was attempted to be served upon the garnishee by leaving a copy with one F. W. Harris, who was supposed to be its managing agent. The garnishee did not appear, and such proceedings were subsequently had as resulted in a judgment against the garnishee by default. The garnishee afterwards moved the court, on affidavits, to set aside the judgment, on the grounds (1) that Harris was not its managing agent; and (2) that the garnishee was not indebted to the defendant. The motion was denied, and the garnishee appeals.

The garnishee is a domestic corporation. Its books and principal office are kept at Minneapolis, in the state of Minnesota. All its officers and directors live in Minnesota. Sprague, its president, claims to be a resident of Wisconsin, but he actually lives in Minnesota. He has general management of the business of the corporation, and is frequently at Sprague and Washburn, where its business in this state is carried on. Harris, in his absence, has some charge of the business at Sprague. He superintends the mills, ships the

lumber, hires and discharges hands, and has sometimes assumed to be managing agent. He is the only visible agent within the state when Sprague is absent. That he had any authority as managing agent is denied by his own affidavit and the affidavit of Sprague. It is not claimed that Sprague, or any officer or director of the corporation other than Harris, was actually within the state at the time of the attempted service of the garnishee summons.

For the appellant there was a brief by *E. C. Alvord*, attorney, and *J. J. Miles*, of counsel, and oral argument by *Mr. Miles*. They contended, *inter alia*, that Harris was not the managing agent of the corporation within the meaning of the statute. *Reddington v. Mariposa L. & M. Co.* 19 Hun, 405; *Emerson v. A. & O. L. R. Co.* 13 id. 150; *Wheeler & W. Mfg. Co. v. Lawson*, 57 Wis. 400, 404. It appeared that the defendants had property liable to execution sufficient to satisfy plaintiff's demands, and the issuance of the garnishee summons was therefore such an abuse of the process of the court as to warrant a dismissal of the proceedings at any stage thereof. 8 Am. & Eng. Ency. of Law, 1105, 1106; *Wells v. Am. Exp. Co.* 55 Wis. 23; *Russell v. Ralph*, 53 id. 328; *Chanute v. Martin*, 25 Ill. 63; *Corbin v. Goddard*, 94 Ind. 419.

For the respondent there was a brief by *F. R. Farr*, and oral argument by *James Wickham*. They argued, among other things, that Harris was the managing agent of the corporation. He was the only person managing its affairs, and the only person in the state on whom process could be served. *Palmer v. Pennsylvania Co.* 35 Hun, 369; *Tuchband v. C. & A. R. Co.* 115 N. Y. 437; *Rochester, H. & L. R. Co. v. N. Y., L. E. & W. R. Co.* 48 Hun, 190; *Upper Miss. T. Co. v. Whittaker*, 16 Wis. 220; *Carr v. Comm. Bank*, 19 id. 272.

NEWMAN, J. The defendant is a domestic corporation. The law requires it to have its principal office within this

state, where it shall keep its general and principal books of account, including its stock books, and that its principal managing officer or superintendent shall reside within this state. R. S. sec. 1750. These requirements of the statute are all ignored by the defendant. It keeps its principal office, with its principal books of account, including the stock books, at Minneapolis, in the state of Minnesota, and its principal managing agent resides there. None of its general officers reside within this state. Sprague, its principal managing officer, claims to be a resident of this state, but he actually resides at Minneapolis; his family resides there. What the statute requires is that the principal managing agent shall actually reside within this state. A mere constructive residence does not answer the terms of the statute. The purpose of the statute is that domestic corporations shall be at all times within the jurisdiction of the state, and subject to the process of its courts. Unless some of its general officers or directors, or its managing agent, resides within the state, there will be times when the process of the courts cannot be served upon the corporation, for want of a person with whom to leave a copy. R. S. sec. 2637, subd. 10. Generally, the relation of Mr. Harris to the defendant may not be strictly that of "managing agent," within the meaning of the statute (*Upper Miss. Transp. Co. v. Whittaker*, 16 Wis. 220); but in the absence of Sprague from the state he seems to have general supervision of all the affairs of the corporation within the state. It will not be presumed that the corporation intended to put itself outside the jurisdiction of the state, or beyond the reach of the process of the courts of the state. It will rather be presumed that it intended Mr. Harris to be its managing agent in the absence of Mr. Sprague from the state; and the manner in which some of its business was accustomed to be done accords with that presumption. It could not lawfully be without an officer residing within the state upon whom

Wickham vs. South Shore Lumber Co.

service of process could lawfully be made. It is found that Mr. Harris is its only agent within the state who seems to have general powers. For this purpose he must be held to be its "managing agent," within the intention of the statute.

But, if the service was insufficient, the point was waived by the general appearance of the garnishee in the action. No doubt the motion to set aside the judgment on the ground that the garnishee is not indebted to the defendant had the effect of a general appearance in the action. It was a motion on a ground touching the merits of the action. It was consistent only with the theory that the court had jurisdiction to determine that question. The appearance, although made after judgment, has the effect to waive the want of service of the summons, and to cure any invalidity in the judgment. *Grantier v. Rosecrance*, 27 Wis. 488; *Alderson v. White*, 32 Wis. 308; *Gray v. Gates*, 37 Wis. 614; *German Mut. F. F. Ins. Co. v. Decker*, 74 Wis. 556. Although a voluntary appearance by a garnishee, without service of process, does not give jurisdiction over the defendant in the principal action, so as that the judgment in the garnishee action shall be binding upon him (*Edler v. Hasche*, 67 Wis. 653), there seems to be no reason why such voluntary appearance should not give complete jurisdiction over the garnishee. It is a voluntary submission to the court of the question whether he is liable to the plaintiff as garnishee. He must abide by the consequences of such voluntary submission.

It was too late to move for a dismissal of the action for abuse of process after judgment.

*By the Court.*— The order of the circuit court is affirmed.