### LICHTENBERG v. WAYNE CIRCUIT JUDGE.

GARNISHMENT — JUSTICES' COURTS — APPEAL BY GARNISHEE — CERTIORARI.

> After a garnishee in justice's court has appealed from a judgment against him, *certiorari* will not lie at the suit of the principal defendant to review the garnishment proceedings.

*Mandamus* by William F. Lichtenberg and others against George S. Hosmer, circuit judge of Wayne county, to compel the entry of judgment on *certiorari* from justice's court. Submitted June 4, 1895. Denied July 2, 1895.

*Bowen, Douglas & Whiting,* for relators.

MONTGOMERY, J. On the 25th of September, 1894, one Ernst Shrikel commenced proceedings in garnishment before Harry L. Schellenberg, a justice of the peace in Wayne county, against the First National Bank of Detroit, as garnishee defendant; the proceedings being based upon a judgment in favor of Shrikel, and against

the relators.  In the garnishee proceedings a judgment was rendered against the bank of $110.65 and costs, on the 26th day of October, 1894.  On the 31st day of October the case was removed, by a general and special appeal, to the circuit court, by the bank.  On the 5th day of December, 1894, a writ of *certiorari* was issued from the circuit court, at the instance of the relators, the principal defendants, to bring up the garnishee proceedings for review.  The two cases came on for argument at the same time, and the respondent reversed the judgment and dismissed the proceedings against the garnishee, upon the special errors alleged in the affidavit for special appeal by the bank, and thereupon declined to render any further judgment in favor of these relators in the *certiorari* proceedings.  *Mandamus* is now asked to require the circuit judge to proceed to enter a judgment in the *certiorari* proceedings.  The respondent offered to enter a judgment quashing the garnishee proceedings, but refused to enter any judgment in favor of the plaintiffs in *certiorari*.

It will be seen that the question presented is whether, after an appeal by the garnishee from the judgment against him in justice's court, the principal defendant may then remove the case by *certiorari*, and thus subject the plaintiff in the proceeding to double costs, in a case where the principal defendant is fully protected by the appeal.  We have not much hesitation in saying that such ought not to be the law.  It is true that the court held in *Lake Shore & M. S. R. Co.* v. *Hunt*, 39 Mich. 469, that *certiorari* was a proper remedy to get rid of a void judgment, but this was *certiorari* sued out at the instance of the garnishee defendant.  It was also held in *Wilson* v. *Bartholomew*, 45 Mich. 41, that the common-law writ of *certiorari* may be sued out by the defendant in the principal suit to review garnishment proceedings before a justice.  But in neither of these cases had the proceeding been removed to the circuit court by one having

the right to appeal, as the garnishee defendant undoubtedly had.

Relators contend that the rights of the garnishee defendant and the principal defendant may be different; that the garnishee may waive formalities which would be, but for such waiver, essential, but it is urged that such a waiver cannot bind the principal defendant. It would certainly be an anomaly to hold that any step in the proceedings may be dispensed with, and that a judgment valid against the garnishee, and one which he cannot disturb, may be rendered, and yet that the same judgment may be vacated at the instance of the principal defendant. Such, we think, is not the remedy open to the principal defendant. The judgment is either good or bad. The waiver is either effectual to make the judgment binding, or it is nugatory. There may be cases in which the garnishee cannot set up the judgment as a defense to the demand of the principal defendant, even though a valid judgment has passed against him. If so, it is not of any concern to the principal defendant that the garnishee defendant has by his own act made possible a valid judgment against himself. *Hebel* v. *Insurance Co.*, 33 Mich. 400; *Johnson* v. *Dexter*, 38 Mich. 695. If it be true, then, that the garnishee may waive irregularities in such manner as to bind him, such waiver binds him finally; and, if it be not binding upon the principal defendant, his remedy is in a suit against his debtor, the garnishee. We do not think it can be said that the principal defendant can raise any question relating to the validity of the proceedings against the garnishee which the garnishee himself could not raise by the same method.

When the writ of *certiorari* was sued out, there was no judgment affecting the rights of the plaintiffs in *certiorari* in justice's court, nor has any since been entered in the circuit, and we think one reversal of the justice's judgment sufficient to answer the requirements of all

parties concerned in the litigation.    *McCormick Machine Co.* v. *Reed,* 85 Wis. 201.

The writ will be denied.

The other Justices concurred.