KAYSER *v.* FARMERS & MECHANICS' BANK.

GARNISHMENT—JUSTICES OF THE PEACE—SUMMONS AGAINST GAR-
NISHEE—TIME OF ISSUANCE.

Under 2 How. Stat. § 8038, providing that, at any time within
30 days after the final determination of a suit in justice's court
against the principal defendant in garnishment proceedings,
the justice shall, at the request of the plaintiff, issue a sum-
mons against the garnishee, commanding him to appear and
show cause why judgment should not be rendered against
him, the jurisdiction of the justice to issue the summons is
limited to 30 days after judgment, not to 30 days after the ex-
piration of the time for appeal.

Error to Washtenaw; Kinne, J. Submitted January
25, 1898. Decided February 16, 1898.

Garnishment proceedings by Charles F. Kayser against
the Farmers & Mechanics' Bank, as garnishee of Gustave
Brehm. From a judgment for defendant, plaintiff brings
error. Affirmed.

*John W. Bennett,* for appellant.

*E. B. Norris,* for appellee.

HOOKER, J. The plaintiff recovered a judgment on
October 24, 1896, against one Brehm before a justice of
the peace; proceedings against the defendant bank, as
garnishee, being then pending, disclosure being made on
November 7th. On November 24th a summons to show
cause was issued against the garnishee, which was fol-
lowed by judgment. Appeal was taken to the circuit
court, where an objection to evidence upon the ground
that the justice had no jurisdiction to issue the summons
to show cause, inasmuch as more than 30 days had elapsed
after judgment against Brehm, was sustained. The
cause is here upon writ of error.

It is contended that the statute (2 How. Stat. § 8038) should be construed to mean 30 days after the time for an appeal of the action against the principal debtor expired; and it is urged that the word "final," in this statute, would have no meaning, unless this construction is the correct one, inasmuch as all justice's judgments are final in every other sense. The significance of the use of this word in this statute appears from the case of *Erickson* v. *Railway Co.*, 105 Mich. 415. It is there indicated that the judgment of the justice may or may not be an absolutely final determination. If no appeal be taken, it is final, but, when appealed from, it may not be, in which case, it is said, "he is chargeable with knowledge of the law which gives the right of appeal, and that, if the appeal is taken, he is not released until final judgment." Id. 418. A "final judgment" has a well-defined meaning in the law, and both at equity and law finality is a condition of appeal. Although subject to review and annulment or modification, these are known as "final," as contradistinguished from "interlocutory," adjudications. The statute uses the term in this sense. We consider the case of *Heritage* v. *Armstrong*, 101 Mich. 85, conclusive upon the question. It was there said by Chief Justice McGRATH that "no judgment could be rendered against the garnishee, except upon a summons issued within 30 days after the rendition of the judgment." In that case 74 days elapsed, and it is possible to say that this case can be distinguished; but there should be a valid reason for distinguishing cases beyond that of finding a remedy for a belated litigant. Not only is the meaning of the statute plain, but it was construed in the case of *Heritage* v. *Armstrong, supra.*

The judgment is affirmed.

The other Justices concurred.