### HYDE v. CHADWICK.

MANDAMUS—GARNISHMENT—SUMMONS TO SHOW CAUSE.
   *Mandamus* will lie to compel a justice to issue a summons to show cause in garnishment proceedings, if such summons is applied for within the time allowed by 1 Comp. Laws, § 997, although the plaintiff did not appear at the time of the disclosure, and the justice entered a judgment against him.

*Certiorari* to Gratiot; Stone, J. Submitted April 22, 1902. (Calendar No. 19,264.) Decided February 17, 1903.

*Mandamus* by Royal M. Hyde to compel Edwin N. Chadwick, justice of the peace, to issue a summons to show cause against a garnishee defendant. From an order denying the writ, relator brings *certiorari*. Reversed.

*H. M. Dunham*, for relator.

*Bert Hayes*, for respondent.

MOORE, J. January 17, 1902, the relator obtained a judgment before Edwin N. Chadwick, a justice of the

peace, against Charles E. Trescott. On the 30th day of January he filed an affidavit for writ of garnishment, and a writ of garnishment was issued directed to the Alma Sugar Company, returnable February 6, 1902, at 10 o'clock in the forenoon. On the 5th of February the said garnishee defendant made a disclosure in writing by its secretary to the effect that it was not indebted to the said Trescott, he having assigned his wages, amounting to $23.63, to Bert Hayes on December 28, 1901, and that said garnishee defendant was not indebted to said Trescott, and did not have property, money, or effects of the principal defendant other than as above mentioned. On February 6th the disclosure of the garnishee defendant was filed. After waiting one hour after 10 o'clock, the relator not appearing before the justice, he entered a judgment in favor of the garnishee defendant and against the plaintiff. The garnishee defendant soon thereafter, and probably the next day, paid the $23.63 to Mr. Hayes. On the 11th of February the relator applied to the justice to issue a summons directed to the garnishee defendant to show cause why a judgment should not be rendered against it. The justice refused to issue said summons. An application was made to the circuit court for a writ of *mandamus* to compel him to do so. After a hearing, the circuit judge refused to issue the writ of *mandamus*. The relator seeks to review his action by a writ of *certiorari*.

The case calls for a construction of section 997, 1 Comp. Laws. The language of that section is not ambiguous. It reads:

"In cases of garnishee proceedings commenced after the rendition of a judgment against the defendant therein, within thirty days after the closing of the examination in such garnishee proceedings, the justice shall, at the request of the plaintiff, his agent or attorney, issue a summons against the garnishee, commanding him to appear before the justice to show cause why a judgment should not be rendered against him."

This is not a case like *Johnson* v. *Dexter*, 38 Mich. 695,

where the plaintiff failed to appear upon the return day of a summons to show cause, but here the relator made application within the time provided by the statute for the summons to show cause, and we think he was entitled to it. The circuit judge should have made the order.

Hooker, C. J., Grant and Montgomery, JJ., concurred.