CHAMBERLAIN *v.* WALLACE.

GARNISHMENT—JURISDICTION—WAIVER OF DEFECTS.

Having appeared in garnishment proceedings and made disclosure without raising any objection to the jurisdiction of the court, after a trial in which the garnishee participated and after the entry of judgment and the lapse of a year and a half subsequent to trial, the garnishee defendant must be *held* to have waived any objections to the sufficiency of process and of service. *Heritage* v. *Armstrong*, 101 Mich. 85 (59 N. W. 439), overruled in part.

Error to Wayne; Hosmer, J. Submitted January 7, 1913. (Docket No. 11.) Decided September 30, 1913.

Garnishment proceedings by Alvinzie H. Chamberlain against Carthagenia Wallace. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry B. Graves,* for appellant.

*Corliss, Leete & Joslyn (Paul B. Moody,* of counsel), for appellee.

McALVAY, J. The garnishee defendant, against whom a judgment was rendered in favor of plaintiff, has brought the case here for review upon writ of error without settling a bill of exceptions, relying entirely upon the record to show that she is entitled to a reversal. The principal defendant, William R. Wallace, her husband, was a druggist in Detroit and, together with another defendant, was sued by plaintiff for injuries he sustained because of the mistake of a drug clerk in filling a prescription for him at defendant's place of business. The trial resulted in a

judgment against Wallace for $2,000 on December 15, 1909.

Later plaintiff commenced these proceedings in garnishment against Carthagenia Wallace, who, as already stated, is the wife of the principal defendant, by filing an affidavit and upon it issuing a writ of garnishment January 27, 1910. No question is raised by the appellant as to the regularity or sufficiency of this affidavit and writ of garnishment. It was returnable February 11, 1910, placed in the hands of the sheriff on the date of issue, and was regularly returned by the sheriff not served February 14, 1910. On this date a præcipe for an alias writ of garnishment was filed with the clerk and an alias writ issued, returnable February 28, 1910. This writ was not delivered to the sheriff for service. The record shows that a private individual on March 1, 1910, made an affidavit upon the said writ that he had made diligent search and inquiry for the garnishee defendant and was unable to find her, and the writ was filed on that date. On March 7th following, a præcipe was filed for another alias writ, and the same was issued against this garnishee defendant and Emma M. Hammond, respectively, as garnishees, and was made returnable March 21, 1910. This writ was not placed in the hands of the sheriff for service. On March 29, 1910, a private individual made an affidavit upon it that he had caused diligent search to be made and had been unable to find either of said garnishee defendants. On said date the writ was filed with the clerk and a præcipe for a pluries writ of garnishment against the same defendants as were named in the last preceding writ was filed, and the writ was issued and made returnable April 12, 1910. This was not placed in the hands of the sheriff for service but it was personally served upon appellant, Carthagenia Wallace, March 30, 1910, by a private individual, as appears by his affidavit of service on said writ. Another affi-

davit shows he later served the writ upon the other garnishee defendant. The record shows but one affidavit in garnishment made and filed at the time the original writ issued against appellant, and no other person is mentioned therein as garnishee.

On April 11th following, appellant filed her disclosure in the case and under oath stated that she had at the time of the service of this writ upon her no money or property in her hands or under her control belonging to the principal defendant, and that she was not indebted to him. After this disclosure, notice was duly given for an examination of this garnishee defendant under the statute, before a circuit court commissioner of Wayne county, on April 28, 1910, and on that date and on May 9th following the plaintiff, by her attorney, and this garnishee defendant appeared before the said circuit court commissioner, where her testimony was taken at length and was afterwards reduced to writing, read over, and signed by her and certified and returned to the court. None of this testimony is contained in this record.

On June 8, 1910, plaintiff demanded an immediate trial of the statutory issue framed in said cause before the court, which came on to be heard in due course; both the plaintiff and the garnishee defendant and their respective attorneys being present and taking part in said trial. The court having found that at the time of the service of the writ of garnishment upon the garnishee defendant she had received from the principal defendant certain property under a conveyance void as to creditors of the principal defendant, amounting to $3,000 and upwards, and that the principal defendant was indebted to plaintiff upon a judgment to the amount of $2,108, and interest to the amount of $118.57, a judgment in favor of the plaintiff and against said garnishee defendant for the total amount, together with costs, was entered February 8, 1911.

The following additional facts have been stipulated:

"(1) In the principal cause of *Chamberlain* v. *William R. Wallace et al.*, to which this garnishment proceeding is ancillary, George B. Greening, Esq., appeared as attorney for principal defendant William R. Wallace and Henry B. Graves, Esq., as attorney for another defendant. Garnishee defendant is the wife of principal defendant.

"(2) That on the examination of the garnishee defendant before the circuit court commissioner, George B. Greening, Esq., appeared as attorney for garnishee defendant and took part in such examination.

"(3) The trial of the garnishment issue was heard and submitted before the court July 19 and 20, 1910.

"(4) February 9, 1911, on motion of attorney for garnishee defendant, an order was entered for 20 days stay of proceedings and 60 days to settle bill of exceptions.

"(5) February 18, 1911, plaintiff's costs against garnishee defendant were duly taxed and filed.

"(6) March 14, 1911, execution was issued against garnishee defendant.

"(7) March 25, 1911, garnishee defendant made a motion to vacate judgment, to permit her to make application for findings of fact and law, and the same was argued and submitted.

"(8) On February 2, 1912, Henry B. Graves, Esq., was substituted as attorney for garnishee defendant in place of George B. Greening, Esq.

"(9) February 6, 1912, motion for new trial, of which copy is hereto attached, was filed in behalf of garnishee defendant. February 10, 1912, affidavit was filed in opposition thereto, and said motion was thereupon heard and denied."

Two questions are presented by appellant's brief:

"*First.* Are there jurisdictional defects in the garnishment proceeding?

"*Second.* If there are jurisdictional defects in the garnishment proceedings, have they been waived by the garnishee defendant?"

Before proceeding to a discussion and determination of the case, we desire to say that none of the

questions raised by the assignments of error were at any time presented to and passed upon by the court below but are raised in this court for the first time.

The appellant relies entirely upon the claimed fatal jurisdictional defects appearing in the record and proceedings in the case and contends a garnishee defendant can raise such jurisdictional defects for the first time before this court after judgment, and that no conduct of a garnishee defendant in the case will operate as a waiver of such defects.

The present dispute is between the plaintiff and the garnishee defendant. The principal defendant is not a party to these proceedings. It is contended on the part of plaintiff and apppellee that this garnishee, by her appearance in the case personally and by her attorney, by making a disclosure, by submitting to an examination before a circuit court commissioner, by being present and participating in the trial of the statutory issue in garnishment personally and by attorney, all without objection of any kind or in any manner to the jurisdiction of the court, by waiting for a year and a half after such trial and a year after the entry of judgment against her in the case before raising any questions of jurisdiction, has waived all irregularities of all kinds in the proceedings and is now estopped from questioning this judgment against her by her own conduct. There is abundant authority in other jurisdictions which supports such contention. *Wickham* v. *Lumber Co.,* 89 Wis. 23 (61 N. W. 287).

This court in an early case recognized such a contention. In *Hebel* v. *Insurance Co.,* 33 Mich. 400, Mr. Justice GRAVES, speaking for the court, said:

"It is material to distinguish between the attitude of these parties and this controversy, and the state of things when the garnishor and garnishee are contending about the consequences and results of garnishee proceedings which have taken place between

them. Many things may take place in the course of such proceedings which the garnishee, on the one hand, or the garnishor, on the other, may be bound or estopped by, as between themselves, but which the garnishee may not be able to urge as matter of defense against the suit of the principal defendant. Still there is no question of the right of one prosecuted as garnishee to make many admissions and waivers without endangering his protection. He need not wait to be led by the shoulder into court. He need not wage battle at every step. The law itself not only recognizes his right to suffer default, but provides what the practice shall be in such case, and invests the judgment with the same protective force as it does one awarded after vigorous contest. Still the proceeding must have a beginning agreeable to its nature, in order to hold the principal defendant, and the nature of the proceeding requires that the law shall be brought to bear directly against the right of the principal defendant in the hands or under the control of the garnishee, and the mode, and the only one, provided for this is by service of the process on, or submission to service by, some one competent in law to receive service. The law itself must be caused to attach, and it can be effected in no other way. Independent and spontaneous submission by the custodian or debtor of the right belonging to the principal defendant cannot bind him. The intervention of the law, according to its own substantial appointments, can alone initiate compulsory novation. A garnishee may admit away his own right over which he has power, but he cannot admit away another's right over which he has no power."

In *Johnson* v. *Dexter*, 38 Mich. 695, at page 697, Mr. Justice COOLEY, speaking for the court, in referring to the matter of waiver by a garnishee, said:

"Perhaps as between themselves and Tower & Mills, the garnishees may have bound themselves by their voluntary appearance; but this would have been on the ground of waiver, and they had no power to waive a compliance with the law for Dexter."

In *Lichtenberg* v. *Wayne Circuit Judge*, 106 Mich.

38, at page 40 (63 N. W. 963), Mr. Justice MONT-
GOMERY, speaking for the court, said:

"There may be cases in which the garnishee can-
not set up the judgment as a defense to the demand
of the principal defendant, even though a valid judg-
ment has passed against him. If so, it is not of any
concern to the principal defendant that the garnishee
defendant has by his own act made possible a valid
judgment against himself. *Hebel* v. *Insurance Co.*,
33 Mich. 400; *Johnson* v. *Dexter*, 38 Mich. 695. If
it be true, then, that the garnishee may waive irregu-
larities in such manner as to bind him, such waiver
binds him finally; and, if it be not binding upon the
principal defendant, his remedy is in a suit against
his debtor, the garnishee."

In *Keppel* v. *Moore*, 66 Mich. 292, at page 294 (33
N. W. 499), in an opinion written by Chief Justice
CAMPBELL, this court said:

"It is substantially admitted that the affidavit is
technically defective; and it is also not denied that,
usually, a garnishee cannot waive anything affecting
the rights of other parties; but there can be no doubt
that he can waive any of his own rights."

See, also, *Wellover* v. *Soule*, 30 Mich. 481.

Appellant relies for Michigan authority upon two
cases. The first case *(Ettelsohn* v. *Insurance Co.*, 64
Mich. 331 [31 N. W. 201]) was an opinion by a
divided court. The other *(Heritage* v. *Armstrong*, 101
Mich. 85 [59 N. W. 439]) relies upon the first case
just cited. It is improbable that it was intended to
decide the exact point involved in the instant case,
because it is exactly opposite to the opinions expressed
by this court in the cases from which we have quoted.
In *Lichtenberg* v. *Wayne Circuit Judge, supra,* de-
cided one year later, the same justices sitting con-
curred unanimously. In so far as that case may be
considered to conflict with the opinion herein ex-
pressed, it must be overruled as not in harmony with

the opinions of this court and the weight of the authorities.

Under the undisputed facts presented by this record, we are satisfied that the garnishee defendant waived all irregularities in the issuing and service of garnishment process in the case, and that she cannot question the validity of this judgment.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.