LAFAYETTE BENEVOLENT SOCIETY v. RICHARDSON.

EQUITY—JUDGMENT—CANCELLATION OF SHERIFF'S DEED—DEEDS.

Equity will not interfere to set aside a deed of real property sold by the sheriff on execution issued out of the circuit court upon a transcript of judgment rendered in justice's court in favor of defendant, where it appears that defendant acted in good faith in the proceedings before the justice, and that the garnishee summons was personally served upon an officer of complainant and an opportunity given to urge any defense it had.

Appeal from Wayne; McDonald, J., presiding. Submitted April 9, 1915. (Docket No. 31.) Decided September 28, 1915.

Bill by the Lafayette Benevolent Society, a corporation, against James W. Richardson and another for the cancellation of a sheriff's deed and other relief. From a decree for defendants, complainant appeals. Affirmed.

*Oxtoby & Wilkinson,* for appellant.

*Ralph B. Wilkinson,* for appellees.

MOORE, J. This is an appeal by the complainant from a decree in chancery dismissing the bill of complaint. The bill was filed for the purpose of setting aside as void a sale made by the sheriff of Wayne county of real estate of complainant. The sale was made by the sheriff under an execution issued out of the circuit court for Wayne county upon a transcript of judgment rendered in favor of the defendant James W. Richardson, by Louis Ott, a justice of the peace, and against the complainant as garnishee of Horton & Stoner. The bill prays that the judgment against the complainant, the sale, and the sheriff's certificate of sale be declared void and canceled, and that the sum of $501.59 paid under protest by the complainant to the register of deeds on June 2, 1913, for the purpose of redeeming said property may be returned to it. This money is still in the custody of the register of deeds by reason of a writ of injunction issued in this cause. The cause was heard in open court.

The record discloses that on November 10, 1911, the defendant James W. Richardson commenced a suit against Horton & Stoner, "whose first name is not known, but whose person is well known," doing business as Horton & Stoner. The original summons was returned not served on either of the defendants personally, nor by leaving a copy thereof at the last place of abode of either of said defendants. On November 20, 1911, an *alias* summons in the long form was issued. This summons was returned by the constable served on defendants Horton & Stoner, "whose first name is unknown, but whose person is well known," by personal service on Edgar H. Horton, "one of the within-named defendants, doing business as Horton & Stoner." Upon the return of the summons the plaintiff declared in assumpsit on all the common counts, and, no one appearing on behalf of the defendants, judgment was

rendered on December 1, 1911, in favor of the plaintiff and against the defendant for $439.73, and costs.

The claim is that, as the docket entries fail to disclose that at any time there was an amendment made in the process or pleadings to show that Edgar H. Horton, the person served with the *alias* summons, was the same person as the Horton named in said *alias* summons, and substituting the said Edgar H. Horton so served with the *alias* summons as the Horton referred to in the original summons, the judgment is void.

On November 11, 1911, defendant James W. Richardson instituted a garnishment proceeding against the complainant, as garnishee of Horton & Stoner. The important docket entries in that proceeding are as follows:

"Nov. 10, 1911.   Affidavit of garnishment filed. Summons issued in hands of Constable Paradis, returnable Nov. 22, 1911, at 9 o'clock a. m.

"Nov. 11.   Summons returned served by Constable Paradis on Joseph Aubrey, Treas., Nov. 11, 1911.

"Nov. 20, 8 a. m.   Case called.   Parties in court. Case adj. by consent to Dec. 4, 1911, a. m."

The record shows several adjournments by consent, and continues:

"Jan. 16, 9 a. m.   Case called.   Parties in court. Case adjourned by consent to Jan. 18, 1912, 9 a. m.

"Jan. 18, 9 a. m.   Case called.   Plaintiff in court. Defendant did not appear.   Plaintiff declared in an action of assumpsit on all the common counts, especially for money had and received, claim damages $500.00 or under.   James W. Richardson sworn for plaintiff.   I thereupon rendered judgment in favor of plaintiff and against defendant for four hundred forty-one and 88/100 dollars damages and two dollars costs against garnishee defendant, Lafayette Benevolent Society.

"$441.88 Damages.
"     2.00 Costs.

> "LOUIS OTT,
"Justice of the Peace."

If we understand the claim of counsel, it is that, as the summons against the principal debtors and the summons in the garnishment case were issued simultaneously, the garnishment proceeding is void. A further claim is made that Mr. Aubrey did not understand what it was necessary for him to do, and that he was told by the magistrate he might go, and that he supposed this proceeding was at an end.

It is not claimed that Horton & Stoner did not owe Richardson the full amount of the judgment, nor is it claimed that the Horton, upon whom service was made, was not, in fact, a member of the firm of Horton & Stoner. It has already appeared that the garnishee summons was personally served upon the treasurer of complainant, and that complainant appeared, and that the garnishee case was adjourned by consent from time to time. See *Chamberlain* v. *Wallace,* 176 Mich. 609 (142 N. W. 1072). It is, we think, apparent that an opportunity was given complainant in the garnishment case to urge any defense to the proceeding which it had.

In *Gray* v. *Barton,* 62 Mich. 186 (28 N. W. 813), the following appears:

"Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party, from availing himself of his defense. * * *

"In *Miller* v. *Morse,* 23 Mich. 368, where a new trial was asked in a court of equity to relieve against a judgment at law alleged to have been obtained by the fraudulent conspiracy and false swearing of the plaintiff, this court held that the complainants were not entitled to relief, and COOLEY, J., says:

"'And we do not see why, if this bill should be sustained, the defeated party might not maintain a similar one in nearly every case which the courts at law dispose of.'

"In that case, it is true, no new facts were presented to the court discovered after the motion for new trial had been made in a court at law; but the general doctrine is there maintained that courts of equity do not permit cases to be retried therein except where the judgment recovered is against conscience, and where the defeated party has been prevented from making his defense by the fraud or improper conduct of the opposite party, and without fault on his own part."

The doctrine of that case is reaffirmed in *Finn* v. *Adams*, 138 Mich. 258 (101 N. W. 533, 4 Am. & Eng. Ann. Cas. 1186), where Justice MONTGOMERY, speaking for the court, said:

"A judgment at law may be vacated by a court of equity in a proper case, but the exercise of such jurisdiction is rare. It is only exercised after it has been made to appear clearly that an injustice has been done. *Cleveland Iron Mining Co.* v. *Husby*, 72 Mich. 61 [40 N. W. 168]; *Mueller* v. *Marsh*, 116 Mich. 378 [74 N. W. 513]."

There is nothing in the record to indicate that in the proceedings before the magistrate Mr. Richardson was acting other than in the utmost good faith. It is also clear that complainant is not free from negligence. If the chancery court is to take cognizance of cases like this, continued litigation would be encouraged.

The decree is affirmed, with costs.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.