December.            Eversfield's Ex'x. vs. Eversfield's Representatives.

On the petition of E, as the executrix of her husband, to the orphans court, for an allowance of commission on the amount of the inventories returned, that court decreed that no commission be allowed—1. Because in all the settlements made by the agent of the executrix, all his expenses were charged and allowed, under an express avowal by him that no commission would be charged by her. 2. In consequence of the abandonment of commission, charges against the estate, where vouchers were not in form, or altogether wanting, were allowed. On appeal *reversed*, and decreed that the executrix be allowed for her commission 5 p. c. on the amount of the inventories, excluding what may have been lost or may have perished.

Appeal from the Orphans Court of *Prince George's* county. In this case a petition was filed in the court below by the appellant, as executrix of her husband, for an allowance of commission on the amount of the inventories returned. The answer to this application stated, that the counsel of the executrix, and her agent, on their application to have her personal expenses allowed, had declared that it was never the intention of the executrix to charge a commission; and in the settlement of her final account she had elected to take an allowance for her personal expenses in lieu of her commission. The replication denied all the facts stated in the answer, and then followed a statement of the amount and nature of the estate. The record also contained the will of the testator, the inventories returned, and the several accounts of the executrix passed by the orphans court, in which there are allowances made for personal expenses, amounting to £64 17 10. The decree of the orphans court was, "that no commission be allowed, for the following reasons:—*First.* Because in all the settlements made by the agent for the executrix, all his expenses were charged and allowed by this court, under an express avowal of the said agent that no commission would be charged by the executrix. *Secondly.* Because in some of the items forming the different charges against the estate, vouchers were not in form, or were altogether wanting, yet they were allowed in consequence of the aban-

1815.

Eversfield
vs
Eversfield

donment of the commission. *Thirdly.* Because on the final decision of the case on the first bill filed by *T. Eversfield,* and others, against the executrix, the court were, on two points of great importance, divided, and yet their decision was in favour of the executrix, and that too in consequence of their being no commission allowed. Under these circumstances the court are of opinion, that the prayer of the petitioner cannot be allowed." From this decree the present appeal was taken.

The cause was argued before BUCHANAN, NICHOLSON, EARLE, JOHNSON, and MARTIN, J.

*Magruder,* for the Appellant. The case, it will be observed, was not set down upon bill and answer. The complainant, in her replication, denied all the facts stated in the answer; and there is not one word of testimony in support of the facts stated by the defendant, nor would those facts, if true, be an answer to the complainant's claim. What are the facts? It is alleged that the complainant's agent, or counsel, said that the complainant intended or promised to give up her commission. This is denied, and there is no proof of it. But if it was true, the court cannot compel her to execute that intention. The law is express, that the court shall allow a commission, and this commission is to be not less than five and not to exceed ten per cent. The orphans court could not refuse to her that which the law expressly secures to her. The *second* and *third* reasons assigned by the court are equally without foundation. They suppose that they were not altogether correct in their former proceedings, and by way of balancing the account, they would now deprive the complainant of her just rights. The correctness of the former decree is not now to be considered, though it has been impeached by the judges pronouncing it. If it was wrong, the now defendant should have appealed from it. Whether there was an appeal or not, is not stated. But whether appealed from or not, this court has now nothing to do with it. The judges further say, that an allowance was made in the former suit for the personal expenses of the executrix; if so, and it was wrong, those injured ought to have appealed. If the judgment was affirmed, or there was no appeal, this court can now have no right to inquire if it be in any respect erroneous. The testamentary sys-

1815.

Duvall
vs
Medtart

tem authorises the court to make allowance for all personal expenses incurred by executors in the settlement of the estate. Even if it did not, the error of the former judgment could not now be rectified; nor is it right to do wrong in this suit, because the court might possibly have done wrong in a former one.

The next question is, What commission ought to be allowed? It cannot be less than five, nor more than ten per cent. This question is submitted to the court upon the inventory and accounts, and upon the will. It appears that there was considerable trouble and difficulty imposed upon the executrix by the will. She is the widow of the deceased, asking of her children remuneration for that trouble. The court, upon examination of the case, will say, that she ought to receive as liberal a commission as the law will authorise them to give.

No Counsel argued for the Appellees.

THE COURT reversed the decree of the orphans court, and decreed that the appellant, as executrix of *M. Eversfield*, be allowed for her commission five per cent. on the amount of the inventories returned by her as executrix as aforesaid, excluding what may have been lost or may have perished; and that the orphans court decree in the premises in conformity to this decree.—*Decreed* also, that the appellees pay to the appellant her costs incurred in the court below, and in this court.

DECREE REVERSED.

---

DECEMBER.

DUVALL VS. MEDTART.

A sale of an unsound slave, known to be so by the seller, and concealed from the purchaser, held fraudulent, and the purchase money recovered back.

Declarations, explaining the object of writing a letter, admitted to be given in evidence, tho' offered by the party making them, and by whom the letter was written.

