## Case No. 9,574.

### MILLER et al. v. HUBBARD et al.

[4 Cranch, C. C. 451.] [1]

Circuit Court, District of Columbia. March Term, 1834.

CONTRACTS—ABANDONMENT — AMOUNT EARNED— FORFEITURE—GARNISHMENT—ASSIGNMENT.

1. If a contract with the Chesapeake and Ohio Canal Company be declared by them "abandoned" for non-compliance with the terms thereof, according to a right reserved to the company by the contract, the contractors do not thereby forfeit the money which they have earned up to the time of the abandonment, except the 20 per cent. reserved as security for the execution of the work contracted for; although by the terms of the contract, upon the contract being declared "abandoned," it was agreed that "the company should be exonerated from every obligation thence arising, and that the reserved percentage on the contract price should become the property of the company to indemnify them for such breach of contract."

2. The attaching creditor is not in a better condition than his debtor would have been in if the attachment had not been laid.

3. A draft by the defendant on the garnishee, in favor of a third person, before the attachment, is an assignment to the payee of the amount stated in the draft, and will be preferred to an attachment.

[Cited in Jones v. Pacific Wood, Lumber & Flume Co., 13 Nev. 359.]

This was an attachment of money in the hands of the Chesapeake and Ohio Canal Company, due to the defendants [Frink Hubbard and others, and the Chesapeake & Ohio Canal], who were contractors to perform certain work upon the canal, and who were indebted to the plaintiffs [Miller and Mackay]. Before the attachment was laid, the company had declared the contract abandoned, for non-performance of the whole work by the appointed time. Before the attachment the defendants had given to one Rohrback a draft for an amount large enough to cover the whole amount due to them by the company.

Two questions were raised in the cause. (1) Whether the defendants, the contractors, by the abandonment of the contract had not forfeited all the money remaining in the hands of the company. (2) If not, then whether the money, at the time of the attachment, was the money of the defendants, or of Rohrback.

Mason & Wallach, for plaintiffs.

R. S. Coxe, for the company.

C. Cox, for Rohrback.

[1] [Reported by Hon. William Cranch, Chief Judge.]

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent). Attachment under the Maryland act of 1795, c. 56. The attachment was issued and served on the 19th of February, 1833. The defendants had been contractors for work on the canal, but having failed to comply with the terms of the contract, it had been declared by the president of the company, "abandoned" on the 9th of February, 1833, under a power reserved in the contract to that effect. By the contract, monthly estimates of the quantity and value of the work done, were to be made by an engineer in the employment of the company, at the prices contained in the proposals, which were to be final and conclusive, unless objected to before payment thereof, and within twenty days after they should have been returned to the president and directors. Within ten days after such return, not less than four-fifths of the sum appearing to be due for work performed since the preceding estimate, were to be paid; the balance being reserved by the president and directors, to ensure the fulfilment of the contract; no portion of which reserved money under any circumstances to be paid until the contract should be fulfilled. It was also agreed, that when the president of the company should have declared the contract abandoned, "the company should thereupon be exonerated from every obligation thence arising; and the reserved percentage on the contract price, should become the property of the company, to indemnify them from such breach of contract."

The following facts were stated and admitted in the argument: That after the contract was declared "abandoned," an estimate was made by the proper officer of the company, of the work done since the preceding estimates, amounting to about $800; to four-fifths of which the defendants were entitled, unless they had forfeited the same by the abandonment of the contract. That on the 16th of February, 1833, the defendants drew an order on the company in favor of the plaintiffs, for the amount due by the defendants to the plaintiffs; and also an order on the company in favor of Jacob Rohrback, for $705.47, "out of any money that may be due to us after a full settlement of our accounts with the said company." That this last mentioned order was delivered to the plaintiffs as the friends of Rohrback, at the same time with the order in favor of the plaintiffs. That the plaintiffs immediately presented to the company for acceptance, the order in their favor; but the company refused to accept it. The plaintiffs did not present the order in favor of Rohrback, although they had it in their possession, nor did they give any notice thereof to the company; but issued the present attachment founded upon the note of the defendants of the 4th of February, 1833.

The following questions were raised in the argument: (1) Whether the defendants, by the abandonment of the contract, had for-

feited all the money remaining in the hands of the company. (2) If not, then whether the money (exclusive of the 20 per cent. which was admitted to be forfeited,) was at the time of the attachment, or at any time since, the money of the defendants, or whether it was the money of Rohrback by virtue of the draft, of which the company had not notice until after the attachment was served.

1. Upon the first question, the court is of opinion that the defendants, by non-compliance with the contract, forfeited only the reserved 20 per cent., and that all the residue of the estimated value of their work was due to them, or their assignee or assignees.

2. Upon the second question, the opinion of the court is, that the attaching creditors are not in a better condition than their debtor would have been in, if the attachment had not been laid; and as they could not, after their draft in favor of Rohrback, which is an assignment to him of so much of his claim as is stated in the draft, have received from the garnishees that amount to their own use; and as it is admitted that the draft was sufficiently large to cover the whole amount due by the garnishees to the defendants, there was no money of the defendants in the hands of the garnishees, at the time of the attachment. It is true, that if the garnishees had paid the money to the defendants, after the draft in favor of Rohrback, and before the garnishees had notice of that draft, they would have been discharged; but that would only affect the right of property as between Rohrback and the defendants. They would have received it in trust for him, and he might recover it from them by an action for money had and received to his use. But the garnishees, having received notice of that draft, before they paid over the money to the defendants, are bound by that notice; although in their contract with the defendants they expressly state that, "no draft will be accepted by the president and directors, from any contractor." This clause only relates to voluntary acceptance, and cannot affect the legal obligations of the parties, independent of acceptance.

It is said that the plaintiffs also had a draft from the defendants on the garnishees for the amount of the note upon which the attachment is founded, and given simultaneously with the draft in favor of Rohrback, and that, therefore, the plaintiffs ought to share the fund with him in the proportion of their respective claims. But the court can make no such order in this case, even if such were the rights of the parties; for this attachment can only affect the property of the defendants in the hands of the garnishees, at the time of the service of the writ, or since; and if they had no property in the hands of the garnishees at that time, or since, the attachment must be quashed, and the contending parties left to their legal or equitable remedies.

That a previous assignment of a debt, by the defendant, will be preferred to an attachment, appears by the following authorities: Serg. Attachm. 80; Privilegia Londini (3d Ed.) p. 277; Lewis v. Wallis, T. Jones, 222; Walker v. Gibbs, 2 Dall. [2 U. S.] 211; Stevenson v. Pemberton, 1 Dall. [1 U. S.] 3; Sharpless v. Welsh, 4 Dall. [4 U. S.] 279; U. S. v. Vaughan, 3 Bin. 394; Caldwell v. Vance, cited in Id. 400; Bank of North America v. McCall, Id. 338; King v. Gorsline [Case No. 7,796], in this court, May term 1831.

As the attachment must be quashed, it is not necessary that the court should notice the objections made by the counsel of Rohrback, that the affidavit did not state that Miller, one of the plaintiffs, was a citizen of Maryland; and that the word defendant was, by mistake, used for deponent. Attachment quashed.