Hugh McMahon *vs.* A. N. Merrick and another, claimants, impleaded, etc.

March 11, 1885.

**Garnishment—Insufficient Complaint of Claimant Cured by Answer.**
A complaint of claimants, who had been allowed to intervene as such in garnishee proceedings, considered, in connection with the answer of the plaintiff, as showing a right in the claimants in respect to the subject of the garnishment superior to that of the plaintiff acquired through the garnishment.

**Same—Effect of Refusal to Discharge Garnishee.—**After the disclosure of the garnishee a motion to discharge the garnishee was denied. *Held,* that this order did not conclude the claimants, who were subsequently allowed to intervene as such, from invoking the same remedy.

Plaintiff brought this action in the district court for Hennepin county against one Austin, and duly garnished Langdon, Shepard & Co. The disclosure of the garnishees was filed March 21, 1884. The facts disclosed are stated in the opinion. On April 17, 1884, an order was made by *Koon,* J., refusing to discharge the garnishees, which order was as follows, viz.: "It is ordered that a motion to discharge the garnishees be and the same is hereby denied. And it is further ordered that this matter be and the same is hereby continued to abide the final result of the main action herein." On April 19, 1884, an order was made granting leave to A. N. Merrick and another, partners as Merrick & Merrick, to file their complaint as claimants of the fund held by the garnishees. An answer was made by the plaintiff, to which the claimants replied, and the issue was brought on for trial before *Young,* J., and a jury. Plaintiff objected to the introduction of any evidence, upon the ground that the complaint of claimants did not state facts sufficient to constitute a cause of action. This objection was sustained, and the claimants were nonsuited. They appeal from an order refusing a new trial.

*Merrick & Merrick* and *J. M. Quarles,* for appellants.

*Jackson & Pond,* for respondent.

Dickinson, J. The garnishee summons was served January 18,

1884, and the disclosure of the garnishees was made March 15th. These facts were then disclosed by the garnishees: The garnishees had settled a disputed claim of the defendant against them, agreeing upon and adjusting the amount of their liability to the defendant at the sum of $1,000, one-half of which was paid. It had been agreed that the remaining $500 should be and remain in the hands of these claimants until the garnishees should be discharged from liability under garnishee proceedings then pending against them in an action against this defendant at Winnipeg, in the province of Manitoba. Under this agreement the garnishees had made their bank check for $500 payable to their own order, and had delivered it to these claimants, it being understood that they would indorse the check when they should be released from the Winnipeg garnishment. Upon this disclosure a motion was made on the part of the defendant that the garnishees be discharged. It then appeared that the garnishee proceedings at Winnipeg had been dismissed. The motion was denied, and the garnishee proceedings were continued, to abide the result of the action against the defendant. Then these appellants were allowed by the court to intervene as claimants by complaint, to which answer was interposed by the plaintiff in this action, and the claimants replied. Upon the issues thus made the cause came on for trial, but the court sustained an objection, interposed on the part of this plaintiff, to the introduction of any evidence by the claimants, upon the ground that the intervening complaint of the claimants, taken in connection with the disclosure of the garnishees, did not state facts sufficient to constitute a cause of action; and the claimants were nonsuited. They moved for a new trial, which being denied, this appeal was taken.

Although the complaint, when considered alone, is defective, yet we think that the answer supplies what is wanting in the complaint, and that the claimants should have been allowed to establish by evidence their claim respecting the indebtedness or property which was the subject of the garnishment. The complaint alleges the delivery to the claimants by the garnishees, on the first day of December, 1883, of the check of the garnishees for $500, pursuant to an agreement between the defendant, the garnishees, and the claimants, and that

the check was to be paid to the claimants upon the dismissal of certain garnishee proceedings at Winnipeg; that on the day last named the defendant, for a valuable consideration, assigned and transferred to the claimants all his right, title, and interest to the check, and to the amount represented by the same; and that the garnishee proceedings referred to had been dismissed. The complaint does not allege that the check and the amount represented by it were, either or both of them, the same property or indebtedness which was the subject of the garnishment by this plaintiff, nor that the claimants' assignor, the defendant, had any interest or right in respect to the check, or the obligation that it represented. But the plaintiff's answer is substantially based upon the assumption or concession of these facts. The theory and the substance of the answer is that the check referred to in the complaint was a mere memorandum of the indebtedness from the garnishees to the defendant, and that it was placed in the claimants' hands only as agents for the defendant, and that the indebtedness was to be paid to the defendant, and not to the claimants, by the garnishees, upon the dismissal of the Winnipeg garnishment mentioned in the complaint and in the disclosure of the garnishees herein, which disclosure is made a part of the answer. The answer is regarded as having the effect of an admission of what is wanting to make the complaint sufficient.

The case thus presented by the pleadings entitled the claimants to a trial of their asserted title to the property which the plaintiff seeks to appropriate through the garnishee proceedings. It is not now important whether the subject of the garnishment, as disclosed by the garnishees, is to be regarded as the *check* of the garnishees, or their *indebtedness* to the defendant. Whether it was the one or the other, the claimants' complaint asserts an assignment to them prior to the garnishment.

It is suggested that the order refusing to discharge the garnishees upon disclosure, being unreversed and not appealed from, was conclusive. The answer to that is that these claimants were not then parties to the proceedings, and as to them, at least, it was not an adjudication. They were properly allowed afterwards to intervene, under the statute, in order that they might litigate their asserted supe-

rior right to the property in controversy.   The relief which the claimants seek—the discharge of the garnishees—although not as complete as they might be entitled to, if the facts are as claimed, is consistent with their claim, and would be effectual as against the plaintiff's attempt to appropriate the property by garnishment.   Relief to that extent is necessary for their protection, if their claim is just; for, being now parties to the proceedings, a judgment in favor of the plaintiff, against the garnishees, would conclude the claimants and bar a subsequent assertion of their alleged demand against the garnishees.

The order refusing a new trial is reversed, and the cause remanded for further proceedings in the district court.