FREDERICK KEPPEL AND WILLIAM MACBETH v. WILLIAM V. MOORE, GARNISHEE OF F. J. F. BRADLEY.

*Garnishment—Intervention of subsequent creditors—Proof of value —Waiver of defects in affidavit—Garnishment of trustee.*

1. On the trial of the statutory issue in a garnishee suit, the controversy is between the garnishee and the creditor, and subsequent attaching and garnishing creditors should not be permitted to intervene as though parties to the proceeding.
2. The judgment in this case is held erroneous, for want of definite proof of the money value of the property for which the garnishee was liable.
3. While a garnishee cannot usually waive anything affecting the rights of other parties, he can waive any of his own rights.
4. Where it appeared from a garnishee's disclosure that the property in his hands was held under a transfer in trust, free from the control of the principal debtor,—

  *Held,* that, if the trust was valid, subsequent attachments bound nothing, and subsequent garnishee process could not, if applicable at all, gain any preference over the creditors who had precedent rights under the trust.

5. Whether a trustee can be garnished at all, if the trust is recognized as valid, may be a question worth considering, unless it is done with his acquiescence.

Error to Wayne.   (Jennison, J.)   Argued April 12, 1887. Decided June 16, 1887.

Trial of statutory issue in garnishee suit.   Garnishee brings error.   Reversed.   The facts are stated in the opinion.

*Griffin & Warner,* for appellant.

*George W. Radford,* for plaintiffs.

CAMPBELL, C. J. Plaintiffs, having recovered a judgment against Bradley, the principal debtor, proceeded to trial against the garnishee defendant, and got judgment against him for the full amount of the principal debt. Error is brought on this judgment.

There appeared to be several other creditors who had, subsequently to the garnishee process here, prosecuted attachments or garnishee proceedings against this garnishee and other persons to reach the same fund. Bradley had, as appears by the disclosure, conveyed all of this property, which consisted of works of art, to Moore, the garnishee, and a part of it had been placed in deposit with Hanna & Ives, of Detroit, dealers in such articles, for disposal or safe keeping.

It appears from several affidavits, and other documents used on motions in this cause, that in 1885 this garnishee, to whom Bradley had transferred the property, had more or less correspondence with the plaintiffs and their agents concerning this claim, and that they had been delayed in suing and securing themselves by these dealings. There is a conflict of testimony on some of the facts, but, if the statements on plaintiffs' behalf are accepted, it is evident that they had every reason to think that the property was, or was to be, both before and after the garnishment, so held that plaintiffs would be protected in full, or to the extent of the value of the property, and that this delay was directly brought about by the dealings with the present garnishee. The garnishee also acted as attorney for the principal debtor, and agreed to appear for him, and it is to be assumed did so appear, and acted on his behalf.

After the garnishment was made, the garnishee, acting apparently on the suggestion of subsequent prosecuting creditors, moved to dismiss the proceedings for want of a good statutory affidavit. The Wayne circuit court refused this motion, on the ground that, without reference to the form of the affidavit, the conduct of the garnishee estopped him

from making the objection. A *mandamus* was asked from this Court to review this decision, and, without deciding on the law questions, we refused to exercise our discretion in granting the writ, because the equities were all in favor of plaintiffs, and unless the proceedings were absolutely void, which we did not propose to consider on that motion, the defendant must be left to his strict rights at law, if he had any.

When this case came on for trial in the Wayne circuit, the counsel for subsequent attaching and garnishing creditors undertook to interfere as if they had been parties to these garnishee proceedings. We do not understand on what idea that was done. The circuit judge is not responsible, because he allowed it on the apparent grounds of consent. But while the garnishee might properly enough show the condition of his holding, and, if these were important, could undoubtedly prove them, yet the controversy was merely between him and the creditor, and no third persons should have come in. The confusion created on the trial by this multifarious performance in all probability led to the mistrial which we think happened, and prevented the case from being presented in such a shape as to keep the issues clear.

The judgment is erroneous, because we discover no definite proof of the money value of property for which the garnishee was liable, and it is not entirely certain that the record is full enough to maintain a money judgment for any specific sum. In the confusion, we have little doubt, some things were taken for granted, and perhaps conceded, which do not appear in the bill of exceptions. But it was claimed there was not enough to authorize a judgment, and therefore enough should have been made to appear.

It is substantially admitted that the affidavit is technically defective; and it is also not denied that, usually, a garnishee cannot waive anything affecting the rights of other parties; but there can be no doubt that he can waive any of his own rights.

But the question at once arises, what persons had rights to be affected? At the time when all those preliminary proceedings were going on, the only person whose rights would be affected by the garnishee process was the principal debtor, unless, possibly, a previous garnishee (which is not now important, since a judgment has passed) is to be considered. The affidavits in the case indicate very clearly that the garnishee had full authority to bind the principal debtor, and had therefore power to waive formalities as to him, as he could for himself. If this was so, the garnishee proceedings, which were practically consented to, had become operative before any of the subsequent rights attached, and those could not undo them.

There is also a further difficulty in the way of holding these proceedings void.

From the garnishee's disclosure it seems that the property in his hands was held by transfer in trust, so that Bradley no longer controlled it; and if that trust was valid, and no one seems to claim it was not, then the subsequent attachments bound nothing, and subsequent garnishee process could not, if applicable at all, gain any preference over the creditors who had precedent rights under the trust. Whether a trustee can be garnished at all, if the trust is recognized as valid, may be a question worth considering, unless it is done with his acquiescence.

We do not think it can be held on this record that plaintiffs have no rights against the garnishee defendant by his conduct and acquiescence. But these were matters of fact, which should have been determined by evidence on the trial. Our decision on the motion for a *mandamus,* based on conflicting affidavits, was not such a determination of the facts as would preclude a trial on testimony. But we think testimony would be admissible to show what the affidavits showed, and enable the jury or court to determine whether the garnishee had not become bound to answer for the property in

his hands to apply upon plaintiffs' debt, so as to make them stand preferred to any of the other creditors. Until the precise facts appear, we cannot determine that question, and on a trial it cannot be determined by the affidavits, except as admissions.

While the judgment must be reversed, and a new trial granted, we think the difficulty was not chiefly caused by plaintiffs, but that the mistrial arose from causes that render it proper to require the costs of this Court to abide the event below.

The other Justices concurred.