<hr />

## WASHINGTON LOAN & TRUST CO. v. CONVENTION OF PROTESTANT EPISCOPAL CHURCH OF THE DIOCESE OF WASHINGTON et al.

(Court of Appeals of District of Columbia. Submitted October 4, 1923. Decided November 5, 1923.)

No. 4003.

1. **Executors and administrators ⬚491—Agreement to serve for less than statutory commission enforceable.**

An administrator or executor may make an enforceable agreement to serve for less than the statutory compensation.

2. **Executors and administrators ⬚490—Executor cannot claim that testamentary provision limiting fees is invalid.**

A trust company, accepting an executorship, is not entitled to claim that a testamentary provision limiting its fees is invalid.

3. **Executors and administrators ⬚501—Objection to allowance of more fees than will provides for not collateral attack on judgment appointing executor.**

Where neither the trust company named as executor nor the other parties invoked the judgment of the court as to the validity of a testamentary provision fixing executor's compensation, and no order affecting it was made before the final account was presented, an objection to the allowance of more fees than the will provides for is not a collateral attack on the judgment, directing the issuance of the letters testamentary.

4. **Estoppel ⬚79—Beneficiaries not estopped from claiming that testamentary provision limiting executor's fees is valid.**

Where executor's application for probate stated that it relied on the advice of its counsel that a testamentary provision limiting its fees was invalid, and executor gave notice to that effect to beneficiaries, but they made no representations that they would allow a greater sum, they were not estopped from asserting the validity of that provision, notwithstanding that the statement of facts stated that a satisfactory understanding between executor and beneficiaries had been reached, the nature of the understanding not appearing.

5. **Estoppel ⬚55—Party pleading estoppel must show reliance on other's conduct.**

One pleading an estoppel in pais must show that he relied on the conduct of the person against whom he is urging the estoppel.

6. **Wills ⬚439—Testator's intent, not being contrary to law, given effect.**

Where testator's intent does not conflict with any rule of law or public policy, it is the court's duty to be diligent in seeing that it is obeyed.

Appeal from the Supreme Court of the District of Columbia.

Proceeding between the Washington Loan & Trust Company, as executor, and the Convention of the Protestant Episcopal Church of the Diocese of Washington and others. From the judgment rendered, the executor appeals. Affirmed.

<hr />

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Arthur Peter, of Washington, D. C., for appellant.

Charles Linkins, Arthur S. Browne, and E. A. Harriman, all of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BAILEY, Justice of the Supreme Court of the District of Columbia.

SMYTH, Chief Justice. Samuel L. Phillips, a member of the bar and a director of the Washington Loan & Trust Company, departed this life in Washington, leaving a will and nine codicils, by which he distributed a large estate. Substantially one-half of his property was given to the Convention of the Protestant Episcopal Church of the Diocese of Washington, a corporation (which we shall refer to for convenience as the corporation), and the remainder to his only brother and his brother's family. He nominated the Washington Loan & Trust Company, hereinafter called the Trust Company, executor of his will and trustee of the personal estate disposed of by it. The provision naming the trust company as executor and trustee reads thus:

"I hereby appoint the said Washington Loan & Trust Company as executor of this my last will and testament upon condition that the compensation provided for in item I of this will shall be accepted in lieu of commissions as executor and all other charges, inasmuch as the duties of executor of my estate will be without special trouble. In the event that said Washington Loan & Trust Company shall decline to accept my terms for compensation, or for other cause, then the courts of probate and equity as may have jurisdiction are hereby asked to appoint a new executor and trustee to be paid the compensation aforesaid and no more. The party appointed executor is to be the same as the one to be appointed trustee of the personal estate and preferably a responsible Trust Company."

The trust company was given the legal title, for purposes mentioned, to certain personal property described in the will, and was authorized:

"To retain as a commission for executing this trust and the executorship of this will, a sum of five per centum on the net income of said estate, and which shall be in lieu of all other charges as trustee or executor."

In a codicil the amount of the compensation was reduced from 5 to 3 per cent. and the reasons assigned for doing this were that the duties of the trust company would "consist almost exclusively of cutting off coupons from bonds and the receipt of checks from corporations, duties involving no trouble and quickly performed."

Being dissatisfied with the amount of compensation provided for the trust company sought to obtain an agreement from the beneficiaries by which it would be allowed 3 per cent. on the corpus, instead of the net income, of the estate. From a statement of facts it appears that the trust company was advised by its attorneys that the provision of the will limiting the compensation was void, and this fact was made known to certain officers of the corporation and to the other beneficiaries. It is recited in the statement that a satisfactory understanding was reached between the trust company and those representing the brother and his family. What the understanding was is not disclosed by the statement, but the brother, in a waiver of citation signed by him,

stated specifically that he did not and could not consent that the court should provide any other or greater compensation than that mentioned in the will, and added that the question of compensation was reserved for the future and was not to be determined, except upon notice to him. The guardian ad litem of the minor beneficiaries refused to consent to any increase in compensation. While the treasurer and chancellor of the corporation expressed the opinion that the compensation prescribed was too small, yet the corporation never consented to any change with respect to it.

None the less the trust company filed its petition in the probate division of the Supreme Court of the District asking for the probate of the will and the issuance of letters testamentary to it. In the petition it recited that in the will it was nominated executor of the will and appointed as trustee of the personal estate; set forth the provision with respect to the compensation provided for the executor and trustee; stated that it had been advised by counsel that the provisions relating to the compensation were void and of no effect, that its petition asking for the granting of letters testamentary to it was based on that advice, and was presented with the expectation that it would be made an allowance in accordance with the statute, the quantum of the estate and the duties to be performed. The will and codicils were admitted to probate, and letters testamentary were issued to the trust company as executor.

The trust company entered upon the performance of its duties, and in due time filed its final account, in which it asked for the allowance of 3 per cent. on the corpus of the personal estate and an attorney's fees. Notice of the filing of the final account and the request for its allowance was served upon those interested in the estate. Certain of the beneficiaries presented objection to the allowance of the commission and attorney's fees, and called attention to the terms of the will which provided that if any of them, directly or indirectly, should seek to invalidate it in any particular, they should forfeit what was intended for them. The corporation objected on the ground that the appointment of an executor was conditional upon the executor's agreeing to render its service for the amount provided for in the will, and that in law it was entitled to no more. The court took this view of the matter and entered an order to that effect.

An elaborate written and oral argument has been made in support of the appellant's contention that the provision in the will limiting the compensation is void; that, if not void, its validity cannot be assailed in this kind of a proceeding; and, lastly, that the beneficiaries are estopped by their conduct from asserting that it is binding upon the trust company.

[1] With respect to the first proposition counsel for the trust company base their contention upon a Maryland statute as construed in McKim v. Duncan, 4 Gill (Md.) 73, and Handy v. Collins, 60 Md. 229, 45 Am. Rep. 725. That statute provided that the commissions of an executor should "be (at the discretion of the court) not under 5 per cent. nor exceeding 10 per cent." In the McKim Case the testator

provided "that neither of my said executors shall be entitled to any commissions for settling my estate, but all necessary expenses relative to such settlement, shall be charged to my estate." The court, in rejecting this provision as invalid, said that the statute fixes the amount of an executor's commission within certain limits, at the discretion of the court, and that it was not within the competency of a testator to take from the courts the power which the law gives to them and which is conferred in language which makes it their duty to allow not less than five per cent. In answer to the suggestion that the executor having accepted his charge upon the condition named in the will, viz. that he should not be entitled to any compensation, would not be heard to argue that nevertheless he should be compensated, the court said:

"A person, by undertaking the office of executor, does not elect, and is not bound to give effect to all the provisions to be found in the will. Such clauses as are inconsistent with the law which the executor is to obey, are of no validity, and constitute no part of the will."

The principles thus announced are adopted and emphasized in the Handy Case. The reasoning of these cases is to the effect that under no circumstances is it competent to make an agreement which will take from the court the power to fix the compensation of an executor within the limits mentioned and that any attempt to do so is necessarily void. But this court and the Supreme Court of the United States have held otherwise. McIntire v. McIntire, 14 App. D. C. 337, 352; Id., 192 U. S. 116, 24 Sup. Ct. 196, 48 L. Ed. 369. In that case the administrator at the beginning of his administration by his own consent was shorn of all actual responsibility for the collection and preservation of the estate, but was allowed to continue to act as administrator. This was done upon the express condition that he would do so without allowance of commission, or other charge for services as such administrator. It was contended on his behalf that his contract to act without charge for his service was without consideration, as well as against public policy, and therefore not enforcible. This contention is substantially in harmony with the ruling in the Maryland cases, but this court refused to approve it, and said:

"Having expressly agreed to relinquish all claim to commissions as the price of this equivocal recognition, we think that he ought not now to be allowed to deny the obligation of that relinquishment."

In making this ruling the court had before it McKim v. Duncan, 4 Gill (Md.) 85, and Brown v. Stewart, 4 Md. Ch. 368, 371; also Eversfield v. Eversfield, 4 Har. & J. 12, cited here by the trust company. With respect to the Eversfield Case the court said that it was not in point, and evidently was not persuaded by the ruling in the McKim Case, for if it had followed that ruling it would have necessarily held that since the law fixed the compensation of an executor within certain limits, it was not within the power of the testator, and, a fortiori, of an administrator, or other person by private contract, to provide otherwise. When the McIntire Case reached the Supreme Court of the United States, Mr. Justice Holmes, who spoke for that tribunal, called attention to the order under which the administrator continued

to serve and the conditions under which he was permitted to do so, to which we have already referred, and then said:

"It is argued that this restoration of the assets to the hands of the administrator with the duty of distribution and the requirement of a new bond, relieved him of the terms of the bargain on which it was agreed that he should act, if that bargain ever was valid. We think it enough to say that we perceive no such change of situation from what was anticipated as should have that result. Whether the bargain was good or bad, the services were rendered under it, and therefore purported to be gratuitous. The law does not forbid gratuitous services, even in fiduciary relations, and if acts purport to be done gratuitously no claim for payment can be founded upon them, at a later date"—citing Johnson v. Kimball, 172 Mass. 398, 400, 401, 52 N. E. 386.

This broad language admits of no misconception as to its meaning. It clearly establishes that an administrator or executor may agree to serve for less than the compensation fixed in the statute, and that if he does so the agreement will be enforced. Consequently, it is in complete opposition to the holding in the Maryland cases, and of course we must follow it rather than them.

[2] The executorship in the case before us was tendered to the trust company upon certain conditions. It accepted the executorship but expressed the opinion that the conditions were illegal. This was not equivalent to a refusal to be bound by the conditions. It rather disclosed a disposition to retain the executorship while reserving the right to assail the conditions. This was not permissible. It could not take the benefit and reject the burden. They were inseparable. A situation somewhat analogous to this was presented in Utermehle v. Norment, 197 U. S. 40, 57, 25 Sup. Ct. 291, 49 L. Ed. 655, 3 Ann. Cas. 520, where it was held that a party taking the benefit of a provision in his favor under a will has really no foundation to dispute the proposition that he is thereby precluded from at the same time attacking the validity of the very instrument under which he received the benefit. The court cites several state cases in support of this view. One of those cases, Fry v. Morrison, 159 Ill. 244, 42 N. E. 774, held that one who took a beneficial interest under a will was thereby estopped to set up any right or claim of his own, though otherwise well founded, which would bar or defeat the effect of *any part* of the will. (Italics ours.) Here the trust company accepted a beneficial interest under the will and now seeks to defeat the effect of that part of the document which limits the amount of its compensation. This may not be done. We think it must be held that in accepting the executorship the trust company consented to be bound by the provisions limiting its fees.

[3] The objection to the allowance of more fees than the will provides for is not in the nature of a collateral attack on the judgment of the court directing the issuance of letters testamentary to the trust company. The validity of the provision fixing the compensation did not come into judgment at that time. Neither the trust company nor any of the other parties invoked the judgment of the court on that question. No order affecting it was made before the final account was presented. After that was done the beneficiaries, having been notified

to appear and show cause, if any they had, why the account should not be allowed, came into court and made their objections. This was regular and in no sense constituted a collateral attack upon the order granting the testamentary letters. In the cases brought to our attention by the trust company as authority for its position, the question was whether the officials referred to therein, whether executors or administators, were legally appointed. That question was necessarily passed upon when the appointment was made, and it was held that the challenge of their authority to act should have been made by a direct attack on the order of appointment, and not by objection to allowance of compensation to them at the end of their period of duty. There is no resemblance between the facts of these cases and the facts of the case before us.

[4, 5] Nor is it true that the beneficiaries are estopped from denying that the clause in the will limiting the compensation of the executor is valid. One who pleads an estoppel in pais must be able to show among other things that he relied on the conduct of the person against whom he is urging the estoppel. Drury v. Gorrell, 44 App. D. C. 518, 529. Upon what conduct of the beneficiaries did the trust company rely when it accepted the executorship of the will? In its application for the probate of the instrument it says it relied on the advice of its counsel that the compensation provision was invalid. True, it made known to the beneficiaries that it did not think the amount of fees provided for was sufficient, but it secured no promise or representation from them that they would allow a greater sum. Six days after the petition for probate was filed, one of the Phillips family, testator's brother, stated in his answer to the petition that he could not and would not consent to any change in the amount of the compensation. This is not affected by paragraph three of the statement of facts, where it is said that a satisfactory understanding between a representative of the Phillips and Smith families and the trust company had been reached, the nature of the understanding not appearing. So far as the corporation is concerned, the notice to its treasurer and chancellor and the expressions by them to the effect that the compensation which the trust company thought it should have was reasonable, did not establish the corporation's acquiescence in the views of the trust company. There is no showing that these men had any authority to speak for the corporation, and, indeed, the trust company does not claim they had. The most it asserts in that respect is that notice to those officials was notice to the corporation.

[6] But mere notice to the corporation would not estop it from asserting the validity of the provision in the will and the unlawfulness of the claim made by the trustee. However this may be, we repeat, the trust company did not rely on the conduct of any of the beneficiaries, but upon the advice of its counsel. We are asked, in effect, to say that the trust company was mistaken when it said that, but we must decline to do it.

Moreover, it is manifest what the intention of the testator was. If his intention does not conflict with any rule of law or public policy, and we have seen that it does not, it is the court's duty to be dili-

gent in seeing that it is obeyed. Nice distinctions by which the clearly stated will of a testator would be defeated should not be resorted to or encouraged.

We think the learned justice who tried this case apprehended the law correctly and applied it without error.

Affirmed.