CURRENT NEWS FEATURES, Inc., v. PULITZER PUB. CO.

No. 10231.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1936.

J. M. Blayney, of St. Louis, Mo. (William S. Bedal, Harold S. Cook, and Eliot, Blayney & Bedal, all of St. Louis, Mo., on the brief), for appellant.

J. Porter Henry, of St. Louis, Mo. (Green, Henry & Remmers, of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment in favor of appellant (hereafter called the news company), plaintiff below, but for an amount less than that demanded by it from appellee (hereafter called the publishing company), defendant below.

The action was commenced in January, 1933, and was based upon a money demand for $4,000 arising under an agreement between the parties.

The amended answer alleged payment of the amount demanded, and, as explanatory of the payment, alleged certain facts relative to three actions at law which had been commenced by one, Nations, against appellant and another in the state circuit court of the city of St. Louis.

The facts in the case at bar were stipulated. The court found for the plaintiff in the sum of $250. The present appeal followed.

A consideration of the facts relative to the three state court suits will be helpful to a clear understanding of the case at bar.

By the stipulated facts in the case at bar, we are informed as set out below (although some uncertainties and ambiguities may exist inasmuch as the record before us does not contain copies of the pleadings or process or other proceedings had in the state court actions, but in lieu thereof contains abbreviated recitals in the stipulation of facts).

### First State Court Suit.

"On August 19, 1929, Gus O. Nations as plaintiff filed suit in the Circuit Court of the City of St. Louis, Missouri, * * * against M. Elizabeth Willebrandt * * * and Current News Features, Inc., * * * for damages * * * on account of alleged libelous articles published by said defendants * * * said cause being numbered 144658-B; and said Nations filed with his petition an affidavit for attachment. On the same date a writ of attachment * * * was issued, and under said writ the Sheriff attempted to serve notice of garnishment upon the Pulitzer Publishing Co. * * * and summoned said Publishing Company as garnishee of the said defendants * * * said garnishment proceeding being numbered 1544. In said suit No. 144658-B there was no personal service upon the defendants therein, and plaintiff attempted to obtain service upon said defendants by order of publication.

"On October 12, 1929, the Publishing Company * * * the garnishee * * * filed its answer to the interrogatories theretofore filed by * * * Nations, in which it admitted that it owed the News Company * * * the sum of $4000. On October 14, 1929, the [State] Circuit Court ordered the Publishing Company as garnishee to pay said sum of $4000 into the registry of said Court. * * * *"

Said publishing company was allowed to retain $250 in its possession as a fee for answering.

On October 24, 1929, the publishing company paid the sum of $3,750 into the registry of said court. On November 26, 1929, on petition of defendants, the news company and Willebrandt, the main cause was removed to the United States District Court, and, as incident thereto, the garnishment suit was also removed; but the $3,750 was retained in the state court.

After the removal, the news company entered a special appearance in the United States District Court and filed a motion which contained the following prayer:

"Wherefore, the defendant Current News Features, Inc., prays the order of this Court quashing the service of the attachment by way of garnishment and the return thereof, as well as quashing the order of publication in this cause obtained, dissolving the attachment and garnishment herein, and upon so doing, for the order of this Court ordering and directing the Clerk of the Circuit Court of the City of St. Louis, Missouri, to pay to the Marshal of this Court the sum of Three Thousand Seven Hundred and Fifty Dollars ($3,750) with accrued interest now in his hands, and that the Marshal, upon receipt of the said sum by him, pay to this defendant or its attorneys of record the said money so received by him."

The United States District Court on September 15, 1930, entered an order quashing the service of attachment by way of garnishment on the publishing company; and on March 27, 1931, said United States District Court dismissed said main cause.

From a memorandum opinion of the United States District Court, we learn that this action was taken by the court because "there was in this case a clear failure to follow the statutory method of obtaining service by publication and the order issued without such compliance was of no effect." The publishing company was not a party to the first state court suit after its removal to the United States District Court.

The United States District Court at no time made any order concerning or affecting the fund of $3,750 in the registry of the (state) circuit court.

### Second State Court Suit.

On September 16, 1930, the day after the United States District Court had quashed the service in the suit which had been removed, Nations filed a second suit (No. 159415-B) in the same state circuit court against the same defendants for damages for publication of the same alleged libelous articles. Said Nations filed with his petition in said second suit an affidavit for attachment and a writ of attachment was issued.

"Under said writ of attachment the Sheriff of the City of St. Louis summoned one John Schmoll as garnishee of News Company. * * * On November 5, 1930, the said John Schmoll as garnishee filed his answer to interrogatories theretofore filed by plaintiff Nations wherein said Schmoll stated that he did not have in his possession or charge or under his control any goods, chattels, moneys, rights, credits, bonds, bills, notes, drafts, checks or other choses in action, or any personal property of or belonging to the defendant [News Company] and that he was not nor had he since become in any wise indebted to the defendant and that he was not and had not since become bound in any contract to pay the defendant anything; and further answering stated the facts relative to the deposit of $3,750 by the Publishing Company into the registry of the Circuit Court, the removal of cause No. 144658-B to [the United States District] Court, the sustaining of motions to quash service of attachment and plea to the jurisdiction by [said United States District] Court; and that he was the duly elected and qualified Clerk of the Circuit Court of the City of St. Louis, Missouri, and in that capacity received the sum of $3,750 and that the same was then on deposit in the registry of the Circuit Court and that he stood ready and willing to pay said sum so held in said capacity to whomsoever the Court might by its order direct him so to pay. On December 10, 1930, on oral application of plaintiff Nations, the garnishee was ordered to pay into the registry of the Court the sum of $3,750, which order was complied with by the transfer of said sum from garnishment No. 1544 [first suit]. On the same date, to-wit, December 10, 1930, in cause No. 159415-B plaintiff Nations filed a motion to impound the fund of $3,750 in the hands of the Clerk of the Circuit Court which motion was sustained by said Court on December 30, 1930. In said cause No. 159415-B there was no personal service upon the News Company, the defendant therein and plaintiff herein, and substituted service was made by the United States Marshal of the District of Columbia upon one James L. Bray, alleged to be the Secretary of the News Company, but who was not Secretary of said company at the time of said service, and also by way of order of publication. On February 24, 1931, a special default judgment was entered in cause No. 159415-B in favor of plaintiff Nations for $3,000 and costs and on the same date, in garnishment No. 2504 [in second suit], the Clerk of the Circuit Court was ordered to pay to Nations out of the fund theretofore paid into said Court by the garnishee in said cause the sum of $3,000, being the judgment obtained in said cause No. 159415-B, and, after deducting the costs in cause No. 159415-B and in garnishment No. 2504, said Clerk was ordered to pay the balance to defendant News Company, the plaintiff herein."

It seems clear from the foregoing stipulated facts as to the second state court suit that jurisdiction in that suit was predicated upon the facts being established (1) that the money, $3,750, then being in the registry of the state circuit court, was the property of the news company; and (2) was subject to attachment by way of garnishment by service of papers upon John Schmoll personally, who, however, was clerk of said state circuit court.

The main question presented by appellant and appellee to this court upon the present appeal is whether the $3,750 in the registry of the state circuit court at the time of the commencement of the second Nations suit was the property of the news company.

The burden of showing that ownership was in the news company rested, in the case at bar, upon the defendant publishing company, and was a prerequisite to the establishment of the defense of payment.

The first state court suit commenced by Nations had failed for lack of juris-

diction in that court. No decision on the merits of the main suit or of the garnishment suit had been made either by the state circuit court or by the United States District Court after the removal.

Section 1402, Rev.St.Mo.1929 (Mo.St. Ann. § 1402, p. 1619), under which the publishing company paid $3,750 into the state circuit court, does not provide that such payment shall itself determine the ownership of the fund so paid; nor has our attention been called by counsel to any other statutory provision which so provides.

Furthermore, it must be borne in mind that the state circuit court in the first Nations suit wherein the publishing company was garnishee had no jurisdiction.

The money paid into the state circuit court by the publishing company as garnishee still remained in the registry of that court.

However, while the removed case was pending in the United States District Court, the news company had made a special appearance and presented one or more motions; and in the prayer of one of such motions appears the language heretofore quoted.

It is the contention of appellee, the publishing company, in the case at bar that the language of the latter part of the prayer in said motion constitutes an estoppel against the news company to deny that the money in the registry of the state circuit court was the property of the news company, and that this estoppel is the basis of the jurisdiction of the state circuit court in the second suit by Nations.

This plea of estoppel is set up in defendant publishing company's (appellee's) answer in the case at bar as follows:

"Further answering, defendant says that the sum of money so attached in the hands of John Schmoll was the property of Current News Features, Inc.; that the Current News Features, Inc., is estopped from denying that the said money was its property for the reason that in its motion to quash the original service upon Pulitzer Publishing Company, Current News Features, Inc., by its prayer requested the court to order the said John Schmoll to turn over the said sum of money to the marshal of this Honorable Court, and that the said marshal pay the same to Current News Features, Inc. That defendant relied upon said asser-

tion of title to said fund and made no demand upon said Schmoll for the return of said fund to it."

The estoppel claimed belongs to the class known as estoppel in pais. The elements of such estoppel are fairly well established. In 21 C.J. p. 1119, the statement is made:

"* * * There must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice."

It is to be noted: (1) That there is no direct allegation in the news company's prayer that the money garnished was its property; such a conclusion is merely an inference; (2) there was no holding by the United States District Court to that effect in the first Nations suit; (3) the stipulated facts fail to show that the publishing company knew of the motion by the news company or of the prayer in said motion; (4) the stipulated facts fail to show that the publishing company relied upon such prayer in said motion, even if said publishing company knew of it.

It is to be further noted that the publishing company is not in a position in the case at bar to take advantage of any holding by the state circuit court in the second Nations suit, since the publishing company was not a party to said suit.

One of the grounds of the judgment in the second Nations suit entered by the state circuit court and awarding Nations $3,000 of the $3,750 paid by the publishing company into the court in the first Nations suit was apparently a finding that said money was the property of the news company. The stipulation of facts does not show that the news company appeared or testified in the second Nations suit, nor that the publishing company appeared or testified in said suit; nor does it appear in the stipulation of facts what the evidence was before the court; however, the sole basis claimed by the appellee in the case at bar in its answer and in its brief in this court for such a find-

ing, and assumed by it to have been made by the state circuit court, is the alleged estoppel based by inference upon the language of the prayer of the motion of the news company which has been heretofore quoted.

The inference might as reasonably be that there had been an assignment to a third person of the debt owing by the publishing company to the news company, and that the news company had guaranteed the payment over. Such an assignment would take precedence over the garnishment, whether the assignment was known to the debtor-garnishee or not. 28 C.J. pp. 104, 110; King v. Gorsline, 14 Fed.Cas. 531, No. 7,796; Miller v. Hubbard, 17 Fed.Cas. 321, No. 9,574; Dickinson v. Davis, 171 Iowa, 29, 153 N.W. 203; Bank of Hinton v. Swan, 156 Iowa, 715, 137 N.W. 1032; Steltzer v. Condon, 139 Iowa, 754, 118 N.W. 39; Kuhnes v. Cahill, 128 Iowa, 594, 104 N.W. 1025; Ruthven v. Clarke, 109 Iowa, 25, 79 N.W. 454; Edney v. Willis, 23 Neb. 56, 36 N.W. 300; Keppel v. Moore, 66 Mich. 292, 33 N.W. 499; McMahon v. Merrick, 33 Minn. 262, 22 N.W. 543.

Furthermore, the stipulation of facts, the only evidence in the case at bar, fails to show any false representation or concealment of material facts by the news company. There was neither a statement of fact nor of law. The estoppel claimed rests solely upon an inference made from the language of the prayer for relief. This is not sufficient. 21 C.J. p. 1064, § 23; Sturm v. Boker, 150 U.S. 312, 333, 14 S.Ct. 99, 37 L.Ed. 1093; United States v. S. F. Scott & Sons, Inc. (C.C.A.) 69 F.(2d) 728; Commercial Inv. Trust v. Bay City Bank (C.C.A.) 62 F.(2d) 735; Grouf v. State Nat. Bank (C.C.A.8) 40 F.(2d) 2; Washington Loan & Tr. Co. v. Convention of P. E. Church, 54 App.D.C. 14, 293 F. 833, 34 A.L.R. 913; Agency of Canadian C. & F. Co. v. Pennsylvania Iron Works Co. (C.C.A.) 256 F. 339; Modern Woodmen of America v. Union Nat. Bank (C.C.A.8) 108 F. 753.

The stipulation of facts further fails to show that the publishing company was misled by any false representation. This was necessary to an estoppel. Sturm v. Boker, supra.

The stipulation of facts fails also to show that the representation, if any, made by the news company was made with intent that the publishing company should act upon it. This also was necessary to an estoppel. See Modern Woodmen of America v. Union Nat. Bank, supra.

The stipulation of facts fails also to show that the publishing company relied to any extent upon any conduct or representation of the news company. This also was necessary to an estoppel. Washington L. & Tr. Co. v. Convention of P. E. Church, supra.

The estoppel relied upon by the publishing company in the case at bar fails for lack of proof.

In the view we take of the case at bar, it is not necessary to examine in detail the facts set forth in the stipulation of facts as to the third Nations case. Suffice it to say that they are similar to those set out as to the second Nations case.

Nor do we find it necessary to determine the other questions raised by counsel in their briefs. We hold that the estoppel pleaded in the answer of the publishing company in the case at bar as the sole basis for its plea of payment is without substantial evidence in the stipulation of facts for its support.

The judgment is reversed with instructions for further proceedings not inconsistent with the foregoing opinion.